James Ellis **SHEPHERD**, Plaintiff-Appellant,

v.

Louis S. **NELSON**, Warden, California State Prison, Defendant-Appellee.

No. 25651.

United States Court of Appeals, Ninth Circuit.

Oct. 29, 1970.

James Ellis Shepherd, pro. per.

Thomas C. Lynch, Atty. Gen., Derald E. Granberg and Jerome C. Utz, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before BARNES, BROWNING, and DUNIWAY, Circuit Judges.

PER CURIAM:

Appellant, a state prisoner convicted of rape and attempted rape, appeals from

an order dismissing his petition for writ of habeas corpus without an evidentiary hearing. We affirm.

(1) The petition alleged that appellant was deprived of his rights of confrontation and cross-examination. The district court correctly dismissed this claim as being a bare conclusion, unsupported by allegations of underlying fact. Berry v. California, 363 F.2d 754, 755 (9th Cir. 1966); Schlette v. People of State of California, 284 F.2d 827, 834 (9th Cir. 1960).

(2) It was alleged that appellant was convicted on insufficient evidence. But the face of the petition reveals that the testimony of the complaining witness provided sufficient evidence to sustain appellant's conviction against a due process attack. See Barquera v. People of State of California, 374 F.2d 177, 179–180 (9th Cir. 1967); Fernandez v. Klinger, 346 F.2d 210, 211 (9th Cir. 1965).

(3) Appellant's third contention was that the state trial court erred in failing to give certain instructions on circumstantial evidence. Habeas corpus is not available to set aside a conviction on the basis of an erroneous jury instruction unless the error rendered the trial so fundamentally unfair as to deny due process. See, e. g., Linebarger v. Oklahoma, 404 F.2d 1092 (10th Cir. 1968); Kenion v. Gill, 81 U.S.App.D.C. 96, 155 F.2d 176, 178 (1946). This is not such a case.

(4) Appellant's final claim was that he was denied equal protection when the state trial court refused to provide him with a doctor at state expense for the purpose of examining the complaining witness. Appellant's petition reveals that the complaining witness was examined by one doctor whose testimony was overwhelmingly favorable to the appellant. Thus, from appellant's point of view, the most favorable result the appointment of another doctor could have had was to provide testimony to corroborate the testimony of the first doctor. The district court properly rejected the claim that appellant had a constitutional right to have a second doctor appointed in these circumstances.

Affirmed.