UNITED STATES of America,
Appellee,

v.

Herbert Richard SMITH, Appellant.

No. 71-1366.

United States Court of Appeals,
Ninth Circuit.

Dec. 1, 1971.

Lorraine A. Smith, San Francisco, for appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Paul G. Flynn, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, ELY and HUF-STEDLER, Circuit Judges.

PER CURIAM:

Smith was convicted, in a jury trial, of having violated 21 U.S.C. § 174, for receiving, concealing and selling heroin, and of 26 U.S.C. § 4705(a), for unlawfully transferring heroin without a written order form. He appeals.

Smith contends that the admission into evidence of certain extra-judicial statements allegedly made by his co-defendant, which inculpated Smith in the crimes charged, violated Smith's Sixth Amendment right of confrontation. The two were jointly tried, but the evidence of the co-defendant's statements was admitted against him alone. Moreover, the co-defendant testified favorably to Smith concerning the crime and was available for full cross-examination. Under Nelson v. O'Neil, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971), Smith was therefore not denied his Sixth Amendment rights. *See also* California v. Green, 399 U.S. 149, 90 S. Ct. 1930, 26 L.Ed.2d 489 (1970).

Smith also argues that a jury instruction relative to the existence of a "common plan" constituted reversible error. Since he made no objection to the instruction in the District Court, reversal would be appropriate only if we could hold that the instruction was plainly and prejudicially erroneous. Pratti v. United States, 389 F.2d 660, 662 (9th Cir. 1968). While the instruction was somewhat ambiguous, it did not, in light of other instructions given and the evidence that Smith was in possession of the heroin, constitute plain error.

Affirmed.