The UNITED STATES of America ex rel. William John COLLINS, Relator,

v.

Roger CRIST, Warden, Montana State Prison, Respondent.

No. CV–79–10–GF.

United States District Court, D. Montana, Great Falls Division.

Aug. 14, 1979.

the administrative determination is not reviewable . . . . *Id.* at 548.

Robert J. Emmons, Smith, Emmons, Bail-
lie & Walsh, Great Falls, Mont., for relator.

Michael T. Greely, Atty. Gen. for the
State of Montana, Mike McCarter, Asst.
Atty. Gen., Helena, Mont., for respondent.

## MEMORANDUM OPINION AND ORDER

HATFIELD, District Judge.

This court is petitioned for a Writ of
Habeas Corpus pursuant to 28 U.S.C.
§ 2254. Petitioner was convicted, after a
jury trial, of deliberate mitigated homicide,
in the District Court of the Eighth Judicial
District of the State of Montana, Cascade
County. He appealed to the Montana Su-
preme Court. The conviction was affirmed
and a rehearing denied. His State remedies
have been exhausted. The records which
have been presented, including the trial
transcript and briefs, make an evidentiary
hearing unnecessary. (Rule 8 of Rules Gov-
erning § 2254 cases)

■ Federal habeas corpus relief from a
State conviction is restricted to those cases
in which a fundamental deprivation of a
Federal constitutional right has occurred.
See *Donnelly v. DeChristoforo*, 416 U.S.
637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).
Three errors are considered here in this
light.

■ The first is the denial of a speedy
trial. The test to be applied by a Federal
Court is set forth in *Barker v. Wingo*, 407
U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101
(1972). Four factors must be considered:
The length of delay, the reason for delay,
defendant's assertion of his right and preju-
dice to the defendant.

■ Defendant was arrested on April 24,
1975. He was arraigned and released on
bail within six days. Discovery proceedings
and other preliminary matters occupied the
summer months. In October defendant
was allowed by the court to leave the State
to work in Arizona, at his request. A trial
date was set for March, 1976. Defendant
returned to Montana in March and request-
ed a further delay so that he could undergo
surgery. The request was granted. His
trial was set for October, 1976. He moved
for dismissal of the charges on this ground
in December, 1976, and was tried soon after
that.

At the hearing on the Motion to Dismiss
on this ground it was conceded that 330
days is the relevant period. This was the
period from filing the Information to the
vacation of the March trial date. Although
the length of delay was substantial, the
reasons for delay were the normal initial
period to allow the defense to prepare its
case, and a longer period to allow the de-
fendant to leave the State to work. The
right to a speedy trial was advanced after
the requested delays and on the eve of trial.
The only trace of prejudice shown is the
anxiety of waiting for trial. Indeed, the
delays were granted to benefit the defend-
ant. No violation of the Federal Constitu-
tion on this ground is shown.

The second issue is the failure of the trial
judge to instruct the jury that if they found
petitioner acted in self-defense, they must
acquit him. The Government concedes that
the omitted instruction should have been
included. Defense counsel offered an in-
struction on self-defense:

"Where the jury has a reasonable doubt
whether the homicide was justifiable,
they must give the defendant the benefit
of that doubt and acquit him."

This instruction is confusing and was refus-
ed on that ground, but none was substituted
for it.

Defendant was charged with deliberate
homicide. His defense was that he acted in
self-defense or with justification. He was
convicted of mitigated deliberate homicide,
which is homicide committed under the in-

fluence of extreme mental or emotional stress for which there is reasonable explanation or excuse. He claims that the jury may have found some justification for his act, but not knowing they should acquit him, found him guilty of the lesser offense.

■ This conviction may not be set aside unless the failure to instruct rendered the trial so fundamentally unfair as to deny the defendant due process. See *Shepherd v. Nelson*, 432 F.2d 1045 (9th Cir., 1970). The instructions must also be viewed as a whole and with the knowledge that the instructions are but one component of the trial. See *Cupp v. Naughten*, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). It is also plain that *Cupp, supra,* and *Donnelly, supra,* do not allow this court to exercise broad supervisory appellate powers of review, but only a limited examination for a violation of fundamental constitutional rights. See, *e. g., Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Miller v. Pate,* 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967).

■ The instructions as a whole cannot be said to have rendered the trial so fundamentally unfair that a Federal Court can overturn the conviction. The jury was told the various offenses of homicide and the elements of each. The law of justification, or self-defense, was fully explained to the jury, including the rules governing defense of person, dwelling place, and personal property. The justifiable use of deadly force in each instance was outlined. Also included was an instruction on the law of reasonable doubt and the prosecution's burden of proof. The jury made no request for clarification.

■ No cases have been cited in which the failure to give this instruction has resulted in the issuance of a Writ of Habeas Corpus. The cases cited by defendant discuss instructions that shift the burden of proof to a defendant. The omission of the instruction in this case did not have this

effect and these precedents are not binding. See *Berrier v. Egeler,* 583 F.2d 515 (6th Cir., 1978), cert. den., 439 U.S. 955, 99 S.Ct. 354, 58 L.Ed.2d 347.

■ The final issue is the use of an instruction by the trial court which has recently been held invalid. The instruction stated that "The law presumes that a person intends the ordinary consequences of his voluntary acts."

In *Sandstrom v. Montana,* —— U.S. ——, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), the United States Supreme Court held that such an instruction is improper because it violates the Fourteenth Amendment requirement that the State prove every element of a criminal offense beyond a reasonable doubt by shifting some duty to produce evidence to the defendant. There was an objection to the instruction in *Sandstrom, supra,* and the case was remanded to the Montana Supreme Court to determine if the error was harmless.

The same instruction was not objected to here. The failure to object invokes the plain error provision of Rule 52 of the Federal Rules of Criminal Procedure. See *U. S. v. Smith,* 451 F.2d 595 (9th Cir., 1971).

Using this test, relief may be granted only where it is highly probable that the error materially affected the verdict. *U. S. v. Dixon,* 562 F.2d 1138 (9th Cir., 1977), cert. den. 435 U.S. 927, 98 S.Ct. 1494, 55 L.Ed.2d 521. The use of this test seldom results in reversal.

"The 'plain error' rule should be invoked only in exceptional cases where it appears that the invocation of the rule is necessary in order to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process."

*U. S. v. Sheley,* 447 F.2d 455, 456 (9th Cir., 1971).

■ This error did not go to the essence of the case. In the first instruction given, the jury was told that in order to convict the defendant every necessary material fact must be proved by the State with compe-

tent evidence beyond a reasonable doubt. That obligation to go forward on every element of the offense charged was clearly stated and overcomes the possible suggestion that the petitioner had the burden of producing evidence as to his intent. Further, the instruction has little relevance in this case. If the defendant claimed that he voluntarily fired the rifle at the victim, but without intending to kill him, this error might be more prejudicial since the instruction would then create a presumption that he actually intended to kill. His claim that he did not voluntarily fire the rifle negates any possible prejudice.

THEREFORE, IT IS ORDERED that petitioner's Petition for a Writ of Habeas Corpus be, and the same hereby is, denied.