**The UNITED STATES of America, ex rel. William John COLLINS, Relator,**

v.

**James BLODGETT, Acting Warden, Montana State Prison, Respondent.**

**No. CV–80–142–GF.**

United States District Court,
D. Montana,
Great Falls Division.

May 15, 1981.

Robert Emmons, Great Falls, Mont., for relator.

Michael Greeley, Atty. Gen., State of Mont., Helena, Mont. and J. Fred Bourdeau, County Atty., Great Falls, Mont., for respondent.

## MEMORANDUM

HATFIELD, District Judge.

Petitioner, William Collins, an inmate at the Montana State Prison, has filed a 28 U.S.C. § 2254(a) petition for a writ of habeas corpus. The issues are whether the trial court's refusal to give one of petitioner's proposed instructions and the trial court's

giving of another concededly improper instruction violated petitioner's Fourteenth Amendment right to due process. Jurisdiction vests in this court pursuant to 28 U.S.C. § 2241(a). The parties have thoroughly briefed these matters, and the case is ripe for summary disposition.

Petitioner received a trial by jury in the District Court for Cascade County, Montana on the charge of deliberate homicide. Petitioner was convicted of mitigated deliberate homicide on December 16, 1976. The Montana Supreme Court affirmed the conviction upon appeal. *State v. Collins*, Mont., 582 P.2d 1179 (1978). Petitioner thereafter petitioned this court for a 28 U.S.C. § 2254(a) writ of habeas corpus, raising, among other issues, the same issues he has raised in his current petition. This court denied the petition. *United States ex rel. Collins v. Crist*, 473 F.Supp. 1354 (D.Mont. 1979).

The Ninth Circuit Court of Appeals, however, in an unpublished memorandum opinion dated July 21, 1980, remanded the case to this court "... with instructions to dismiss the petition for failure to exhaust state remedies." The Court of Appeals directed that the Montana Supreme Court should have the first opportunity to consider whether *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), an opinion issued after the Montana Supreme Court affirmed petitioner's conviction, affected the validity of petitioner's conviction.

The Montana Supreme Court, in an unpublished order dated November 6, 1980, denied petitioner's petition for habeas corpus. The supreme court held that the giving of the jury instruction condemned as unconstitutional in *Sandstrom, supra*, was "harmless error under the circumstances of this case." Petitioner thereafter filed this 28 U.S.C. § 2254(a) petition for habeas corpus in this court.

On April 23, 1973, petitioner shot Darrell Gardipee at close range with a .22 caliber rifle. Gardipee died shortly thereafter.[1] The State tried petitioner on a charge of deliberate homicide of Darrell Gardipee in violation of R.C.M. 1947, § 94–5–102(1)(a).[2]

At his trial, petitioner admitted that he shot Darrell Gardipee. Petitioner, however, testified that he had not intended to shoot Gardipee. Petitioner claimed, rather, that he had pointed the rifle at Gardipee in an attempt to scare Gardipee away. While the rifle· was pointed at Gardipee, petitioner testified, the gun discharged accidentally. Petitioner claimed that he had felt the need to scare Gardipee away because Gardipee had been making hostile remarks to petitioner, had struck petitioner, and was, at the time of the shooting, entering petitioner's camper with what petitioner perceived to be a shiny object in his hand, saying to petitioner "I've got you now, you S.O.B."

Carla Brave, Gardipee's girlfriend, was with Gardipee and Collins on the night of the shooting. Ms. Brave's testimony differed from petitioner's testimony in certain important respects. Ms. Brave testified that, in Gardipee's absence, petitioner had made sexually suggestive remarks to her. Petitioner testified that he had stopped his pickup truck in which the three were riding, ran to the truck's rear, and entered the attached camper to avoid a confrontation with Gardipee. Petitioner claimed that, within seconds thereafter, Gardipee jerked open the camper door and petitioner fired the rifle. Ms. Brave, by contrast, testified that Gardipee had said "Well, let's go outside", after which the two men left the pickup truck simultaneously. Ms. Brave added that the two men were outside the truck for several minutes before she heard the shot.

1. The facts of this case are set out in detail in the opinion in which the Montana Supreme Court affirmed petitioner's conviction on direct appeal. *See, State v. Collins*, Mont., 582 P.2d 1179 (1978).

2. The Montana statutes are currently codified in the Montana Code Annotated. At the time of petitioner's trial, however, the Montana statutes were codified in the Revised Codes of Montana, 1947 ("R.C.M., 1947"). In this opinion, all citations to Montana statutes shall be to R.C.M., 1947.

Petitioner claims that the trial judge committed constitutional error entitling him to habeas corpus relief, first by refusing petitioner's instructions on self defense and, second, by giving an instruction which the Supreme Court declared unconstitutional in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

*Failure to Give Petitioner's Proposed Instructions*

The trial court refused several of petitioner's proposed instructions on self defense. The proposed instructions stated that a homicide is justifiable and not unlawful when committed in self defense, and that the jury must acquit if it had a reasonable doubt whether the homicide was justifiable.

The instructions which the court did give recited almost verbatim the Montana statutes on self defense, R.C.M. 1947, §§ 94–3–102 through 94–3–104. Petitioner claims, however, that these instructions did not adequately apprise the jury that they should acquit petitioner if they found his acts were justifiable. Although the statutes, and therefore the instructions based on the statutes, define when the use of force is justifiable, they do not state that a finding of justifiable force requires a verdict of acquittal. Petitioner contends that, under the instructions as given, a jury which found that petitioner used justifiable force in self defense would not acquit him. Rather, petitioner argues, the jury would, as it did, return a verdict that petitioner was guilty of mitigated deliberate homicide. Mitigated deliberate homicide is an otherwise deliberate homicide " . . . committed under the influence of extreme mental or emotional stress for which there is reasonable explanation or excuse." R.C.M. 1947, § 94–5–103. On reconsideration of the earlier opinion, this court agrees in large measure with petitioner's analysis and concludes that it must grant the writ of habeas corpus.

As this court stated in its previous opinion, a conviction may not be set aside on a habeas corpus petition " . . . unless the failure to instruct rendered the trial so fundamentally unfair as to deny the defendant due process." *United States ex rel. Collins v. Crist*, 473 F.Supp. 1354, 1357 (D.Mont. 1979), citing *Shepherd v. Nelson*, 432 F.2d 1045 (9th Cir. 1970).

The following instructions, which the trial court gave to the jury in petitioner's trial, are important to this court's analysis. First, the court instructed that

The Defendant, WILLIAM JOHN COLLINS, in the information filed against him, is accused of the offense of Deliberate Homicide, a felony.

"That at the County of Cascade, State of Montana, on or about the 23rd day of April, A.D. 1975, and before the filing of this information, the said defendant then and there being, did then and there purposely or knowingly cause the death of Darrell David Gardipee by shooting said Darrell David Gardipee in the chest with a rifle, in violation of Section 94–5–102(1)(a), R.C.M. 1947 as amended;"

The trial court further instructed the jury that

Criminal homicide constitutes deliberate homicide if it is committed purposely or knowingly.

As to mitigated deliberate homicide, the court instructed as follows:

Criminal homicide is mitigated deliberate homicide when a homicide which would otherwise be deliberate homicide is committed under the influence of extreme mental or emotional stress for which there is reasonable explanation or excuse. The reasonableness of such explanation or excuse shall be determined from the viewpoint of a reasonable person in the actor's situation.

This instruction on mitigated deliberate homicide tracks almost verbatim the language of R.C.M. 1947, § 94–5–103(1).

Petitioner's principal defense at trial was that, in shooting Darrell Gardipee, petitioner acted in self defense. Under Montana law, "[a] defense of justifiable use of force . . . is an affirmative defense." R.C.M. 1947, § 94–3–112. Petitioner had the burden under Montana law of producing sufficient evidence on the issue of self-defense

to raise a reasonable doubt of his guilt. *State v. Grady*, 166 Mont. 168, 175, 531 P.2d 681 (1975). If the evidence raised a reasonable doubt in the jurors' minds that petitioner was justified in the force that he used, petitioner was entitled to an acquittal.

The pertinent issue is thus whether the court's instructions, when considered as a whole, adequately apprised the jury of the law of the case. *See, Cupp v. Naughten*, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). The Montana Supreme Court concluded that the instructions as a whole were adequate. The trial judge quoted almost verbatim in his instructions from the Montana statutes on justifiable use of force. For example, the trial judge gave the following instruction relating to petitioner's contention that he shot Darrell Gardipee when Gardipee was entering petitioner's camper.

> You are instructed that a person is justified in use of force or threat to use force, against another, when and to the extent, that he reasonably believes such conduct is necessary to prevent or terminate such other's unlawful entry into or attack upon an occupied structure. However, he is justified in the use of force likely to cause death or serious bodily harm, only if:
>
> (1) The entry is made or attempted in violent, riotous, or tumultuous manner, and he reasonably believes that such force is necessary to prevent an assault upon, or offer of personal violence to him or another, then in the occupied structure....

Although this instruction contained language nearly identical to that in R.C.M. 1947, § 94–3–103, petitioner claims it was insufficient. The statutory provision, and therefore the instruction based thereon, does not state specifically that a person justified in the use of force against another is not guilty of criminal homicide. Petitioner argues that the statute and instruction, which speak only of justification and nowhere mention acquittal, will be equated by a reasonable juror to relate back to the trial court's previous instruction on mitigated deliberate homicide. The phrase "justified in the use of force", referred to in the self defense instruction which was borrowed from the statute, petitioner claims, is, without more, confusing. Petitioner contends that a juror would logically equate the self-defense instruction term "justified" with the earlier instruction that mitigated deliberate homicide is a deliberate homicide committed under the influence of extreme mental or emotional stress for which there is reasonable "explanation or excuse".

Petitioner offered the following instruction which he felt would accurately instruct the jurors on the Montana law of self defense.

> ... The amount of *force that the householder may lawfully use* resisting such intruder is limited by what appears to him and would appear to a reasonable person in the same circumstances, to be necessary ... if the householder, acting under the influence of such fears alone does take the intruder's life in such circumstances, his *doing so is not a felonious homicide.*

(Petitioner's Proposed Instruction No. 4)

\* \* \* \* \* \*

> Where the jury has a *reasonable doubt whether the homicide was justifiable they must* give the defendant the benefit of that doubt and *acquit him.*

(Petitioner's Proposed Instruction No. 6)

\* \* \* \* \* \*

> ... [I]f his actions are in lawful, justifiable self-defense, as allowed by and within the limits of the law just stated to you, *such actions do not constitute a crime* even if they cause death.

(Petitioner's Proposed Instruction No. 8) (emphasis added).

Each of the proposed instructions would have directed the jurors that if they reasonably doubted whether petitioner was justified in his use of force they must acquit him. Each of these proposed instructions was refused. The Montana Supreme Court held that an instruction telling the jury to acquit if they had a reasonable doubt about whether the killing was in self defense " ...

was unnecessary where the jury is otherwise properly instructed on reasonable doubt." *State v. Collins, supra,* 582 P.2d at 1185. The supreme court held that ". . . Instruction No. 2 fully covered the jury's duty with respect to reasonable doubt." *Collins, supra.*

Instruction No. 2 stated, in pertinent part, as follows.

> . . . The burden of proof rests upon the State throughout the trial to establish the guilt of the accused beyond a reasonable doubt and a conviction is not warranted unless this burden is sustained. . . .

This court does not agree that the above instruction or other similar instructions on reasonable doubt given by the trial court adequately informed the jury that they were required to acquit petitioner if they had a reasonable doubt that he acted in self defense. Nowhere do the reasonable doubt instructions refer to their applicability to the self defense issue.[3] Nowhere do the instructions on justifiable use of force refer either to the reasonable doubt standard or to the necessity of acquittal if the defense is accepted as true.

The jurors could correctly conclude that, to convict petitioner of deliberate homicide, the State was required to prove beyond a reasonable doubt that petitioner purposely or knowingly caused the death of Darrell Gardipee. The jurors could also very easily and very logically conclude from the instructions given, however, that if they had

a reasonable doubt whether petitioner was justified in the force he used, they should merely reduce the verdict to guilty of mitigated deliberate homicide, rather than acquittal.

Statutes and court decisions set out the law and provide guidance for future cases, but are not always adequate when quoted as jury instructions. *See, United States v. Corrigan,* 548 F.2d 879, 883 (10th Cir. 1977). The Montana Criminal Code of 1973, Chapter 3, is entitled "JUSTIFIABLE USE OF FORCE—EXONERATION". But nowhere in the statutes themselves or, therefore, the instructions based thereon, does it say specifically that one who is justified in the use of force shall be deemed exonerated.[4]

Construing the instructions as a whole, as *Cupp v. Naughten, supra,* requires, simply compounds the problem. The trial court's instruction No. 32 begins as follows.

> A person commits the offense of Criminal Homicide if he purposely or knowingly or negligently causes the death of another human being.

This portion of the instruction, taken from R.C.M.1947, § 94–5–101(1), tells the jury that if it finds that petitioner purposely or knowingly caused Darrell Gardipee's death, petitioner committed a criminal homicide. Nothing either in this instruction or in the self defense instructions excludes from this broad definition of criminal homicides those killings committed purposely or knowingly or negligently, but which

---

**3.** For example, the trial court's first instruction to the jury was that the State had charged petitioner with purposely or knowingly causing the death of Darrell Gardipee. The court then stated in that instruction that "[i]n order to convict the defendant [petitioner] of the offense charged, every material allegation contained in the charge must be proved beyond a reasonable doubt." The material allegations "contained in the charge" were the mental state of purposely or knowingly, and the result of causing Darrell Gardipee's death. Lack of self defense or justifiable use of force was not a material allegation in the charge to which the jury was instructed to apply the reasonable doubt standard.

**4.** The State argues that petitioner could have explained to the jury in closing argument that a finding of, or a reasonable doubt as to justifiable use of force required an acquittal. The

Montana Supreme Court likewise used this reasoning in *State v. Collins, supra,* 582 P.2d at 1185. The closing argument of counsel, however, is just that, argument. It is not evidence. It is not the law of the case. The jury was instructed that if petitioner purposely or knowingly or negligently caused Darrell Gardipee's death, he was guilty of criminal homicide. Nothing in the instructions informed the jurors that self defense is an exception to the definition of criminal homicide. An argument by petitioner that a killing in self defense was not criminal homicide though done purposely or knowingly would conflict with the court's instructions that purposeful or knowing killings are criminal. In the event of such a conflict, the jury would be duty bound to follow the court's instructions rather than petitioner's argument.

resulted from self defense or justifiable use of force.

Instruction No. 32 then concludes as follows.

Criminal Homicide is deliberate homicide, mitigated deliberate homicide, or negligent homicide.

This latter portion of the instruction, taken from R.C.M.1947, § 94–5–101(2), tells the jury that the criminal homicide resulting from a person's purposely or knowingly causing the death of another human being may be deliberate homicide. Neither the justifiable use of force instructions nor the reasonable doubt instructions informed the jury that justifiable use of force was a complete defense, rather than merely a justification or excuse which would reduce deliberate homicide to mitigated deliberate homicide.

Because, under the instructions given, the jury could have found petitioner guilty of mitigated deliberate homicide even if it found petitioner's self defense claim to be valid, the omission of more complete instructions on the self defense issue "so infected the entire trial that the resulting conviction violated due process." *Cupp v. Naughten, supra,* 414 U.S. at 147, 94 S.Ct. at 400; *Henderson v. Kibbe,* 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977).[5] Petitioner's application for a writ of habeas corpus therefore shall be granted.[6]

An appropriate order shall issue.

---

**5.** The Montana Supreme Court, on petitioner's appeal from his conviction, rejected an insufficiency of evidence claim. "The jury could have concluded that the force used in self-defense by defendant, the shooting, was not the action of a reasonable person under the circumstances. In that situation, a verdict of mitigated deliberate homicide is justified." *State v. Collins, supra,* 582 P.2d at 1188.

As this rationale relates to the instruction issue, however, even though the jury could have reasoned in the manner described above, this court cannot be certain, under the instructions given, and the general verdict rendered, that

this is what the jury did do. The real and substantial possibility that the jury convicted petitioner of a lesser offense even though it found he was justified in the force he used denied petitioner due process and requires granting the writ. *See, Sandstrom v. Montana,* 442 U.S. 510, 526, 99 S.Ct. 2450, 2460, 61 L.Ed.2d 39 (1979); *United States v. Corrigan,* 548 F.2d 879, 883 (10th Cir. 1977).

**6.** Because this court concludes that the writ must be granted on the self defense instruction issue, the court need not discuss the *Sandstrom* instruction issue.