MR. JUSTICE GULBRANDSON
delivered the opinion of the Court.
The Department of Institutions of the State of Montana appeals from an order by the District Court of the Fourth Judicial District, Missoula County, declaring the Department financially responsible for costs incurred as a result of the birth of defendant’s baby.
On September 10, 1982, defendant entered a guilty plea to the charge of negligent homicide. The District Court sentenced defendant to ten years with two years suspended, to be served at a women’s correctional facility chosen by the Department of Institutions.
Because defendant was soon to give birth and because testimony at the sentencing hearing indicated that she had a strong medical relationship with her physician, the District Court allowed her to remain at the Missoula County jail until after the birth of her child. She was remanded to the custody of the Missoula County sheriff and subsequently gave birth to her child at the Missoula Community Hospital. On October 28, 1982, she was taken to the Women’s *239 Correctional Center at Warm Springs, Montana.
The Department of Institutions refused to pay the medical expenses of the birth. Missoula County moved for an order from the District Court declaring that the Department pay the medical expenses. After a show-cause hearing, the District Court made the following findings, conclusions, and decree:
“FINDINGS OF FACT
“1. The Defendant, Kathleen Rachel Wilkinson, was found guilty by a plea of guilty to the offense of Negligent Homicide, a felony, and sentenced on the 10th day of September, 1982 to a term of ten (10) years at Montana State Prison with two of those years suspended.
“2. The Defendant, on September 10, 1982, was ordered to serve her time at the women’s prison facility at Warm Springs State Hospital.
“3. The Defendant was ordered retained in the Missoula County Jail until after the birth of her child so that her obstetrician could continue to care for her.
“4. The Defendant was ordered to remain in Missoula County and not be transferred to Warm Springs State Hospital until her doctor determined that it would not be detrimental to her interests or the interests of her child to be transferred.
“5. The Defendant was taken to Missoula Community Hospital for the birth of her child on October 23, 1982.
“6. Expenses for medical and security costs in the amount of Three Thousand Four Hundred Eighty-two and 47/100th Dollars ($3,482.47) were incurred as a result of the birth of the Defendant’s son.
“7. The Defendant was transferred to the women’s prison facility on the 28th day of October, 1982 after her physician stated she could be transferred.
“CONCLUSIONS OF LAW
“1. The Defendant became a state prisoner on the 10th day of September, 1982 upon passing of sentence.
*240 “2. The Defendant’s stay in the Missoula County Jail and or the Missoula Community Hospital from September 10, 1982 until October 28, 1982, was a temporary stay for a state prison inmate.
“3. The Montana Department of Institutions is financially responsible for the medical and security costs incurred as a result of the birth of the Defendant’s child.
“ORDER
“The Montana Department of Institutions is hereby ordered to assume the financial responsibility for all medical and security costs incurred as a result of the birth of the son of Kathleen Rachel Wilkinson.
“The Department is further ordered to remit to Missoula Community Hospital the sum of Two Thousand Eighty-five and 87/100ths Dollars ($2,085.87); to Dr. Thomas A. Baumgartner the sum of Four Hundred and Sixty Dollars ($460.00); and to Missoula County (Guards) the sum of Nine Hundred Fifty-four dollars ($954.00).”
The sole issue on appeal is whether the Department of Institutions is responsible for the medical and security costs incurred as a result of the birth of the defendant’s baby, despite the fact that she was not delivered to the Women’s Correctional Center at Warm Springs prior to the birth.
The law of Montana is clear that “[o]nce a valid sentence is imposed, the court lacks jurisdiction to vacate or modify it unless specifically authorized by statute. State v. Porter (1964), 143 Mont. 528, 540, 391 P.2d 704.” State v. Downing (1979), 181 Mont. 242, 593 P.2d 43, 44. Here the court, in its judgment, committed the defendant to the Montana Department of Institutions. From this it is clear that the defendant was the responsibility of the State, as there is no way for the judge to change his decision, after the filing of the judgment.
This point is illustrated most vividly by a line of Washington cases where it has been stated that:
“This court said in January v. Porter, 75 Wash.2d 768, 453 P.2d 876 (1969), that upon the entry of a final judg *241 merit and sentence of imprisonment, legal authority over the accused passes by operation of law to the Department of Institutions (now the Department of Social and Health Services) and the Board of Prison Terms and Paroles, and that those agencies of the executive branch bear full responsibility for executing the judgment and sentence or granting parole.” (Emphasis added) Kanekoa v. Washington State Department of Social and Health Services (1981), 95 Wash.2d 445, 626 P.2d 6, 7 (see also In Re Bush (1980), 26 Wash.App. 486, 616 P.2d 666, In Re the Welfare of Lowe (1978), 88 Wash.2d 824, 576 P.2d 65.)
Similarly, because of the unusual circumstances in this particular case, the Department of Institutions must bear the medical costs for the birth of defendant’s child.
It must be noted that our holding here applies solely to the particular expenses in question. We are neither setting nor suggesting a general method for determining financial responsibility of state prisoners. That is a legislative matter.
For the reasons stated above, the District Court’s judgment is affirmed.
MR. CHIEF JUSTICE HASWELL and JUSTICES MORRISON, HARRISON, WEBER and SHEEHY concur.