No. 83-561

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

RONALD R. ENFINGER,

        Defendant and Appellant.

APPEAL FROM: District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable ~~Douglas Harkin~~, Judge presiding.
*Jack L. Green*

COUNSEL OF RECORD:

    For Appellant:

        Keith C. Rennie, Polson, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
James M. Scheier, Asst. Atty. General, Helena
John Frederick, County Attorney, Polson, Montana

Submitted on Briefs: June 20, 1986

Decided: August 5, 1986

Filed: AUG 5 - 1986

*Ethel M. Harrison*
_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Ronald Enfinger appeals a Lake County jury verdict convicting him of mitigated deliberate homicide. He also appeals the Lake County District Court's action in designating him as a dangerous offender. The two issues on appeal are: (1) whether the District Court erred in instructing the jury on self-defense, and (2) whether the District Court improperly designated appellant as a dangerous offender. We affirm the conviction and the sentence imposed on appellant.

In the early morning hours of March 23, 1983, the appellant stabbed his friend Glenn Howard to death in Polson, Montana. The appellant admitted that he stabbed the victim but asserted that he did so in self-defense. Appellant testified that he and the victim got into a fight and while they were fighting, the victim repeatedly attempted to grab a large knife from a knife rack to use on appellant. Appellant's testimony showed that he voluntarily engaged in the fight with the victim. Appellant stated he believed the victim would attack him with the knife. Appellant seized the knife and struck out at the victim, killing him. Appellant was arrested and charged with deliberate homicide. Appellant filed a notice of intent to rely upon the defense of justifiable use of force. The Lake County District Court held appellant's trial in July of 1983. On July 22, 1983 the jury acquitted appellant of deliberate homicide but convicted him of mitigated deliberate homicide.

On August 24, 1983 the District Court imposed the following sentences upon appellant: thirty years in prison for mitigated deliberate homicide, ten years in prison with five years suspended for committing the offense with a dangerous weapon, and forty years in prison with twenty-five

2

years suspended as a persistent felony offender. The court ordered that the three sentences were to be served consecutively. The court then remanded appellant to the custody of the sheriff for delivery to state prison officials.

Later that same day the District Court brought appellant back into court for a further proceeding. The district judge stated that earlier he had failed to state his reasons for imposing the sentences upon appellant and that it was necessary for him to do so. Defense counsel objected to any further proceedings. The district judge gave his reasons for sentencing appellant as he did. At that point, the deputy county attorney stated that he was not sure whether the court had specifically found that appellant was a dangerous offender. The judge stated, "I believe I did. If I didn't, I do so now. That was the reason for that one sentence." Defense counsel again objected to the entire proceeding and appellant later filed this appeal.

The first issue is whether the District Court erred in its instructions to the jury on justifiable use of force, more commonly known as self-defense. The District Court gave the following instructions pertaining to the charges and to the justifiable use of force.

INSTRUCTION NO. 11

> To sustain the charge of deliberate homicide, the State must prove beyond a reasonable doubt the following propositions:
>
> First, that Ronald Enfinger caused the death of Glenn Roy Howard with the knowledge that he was causing said death, or with the purpose of causing said death;
>
> Second, that the use of force by Ronald Enfinger was not justified.
>
> If you find from your consideration of all the evidence that either of these propositions has not been proved beyond a

reasonable doubt, then you should find Ronald Enfinger not guilty.

If you find from your consideration of all the evidence that both of these propositions has [sic] been proved beyond a reasonable doubt, then you should find Ronald Enfinger guilty.

### INSTRUCTION NO. 13

To sustain the charge of mitigated deliberate homicide, the State must prove the following propositions:

First, that Ronald Enfinger performed the acts that caused the death of Glenn Roy Howard with the knowledge that he was causing it, or with the purpose of causing said death; and

Second, that Ronald Enfinger performed those acts under the influence of extreme mental or emotional stress for which there is a reasonable explanation or excuse.

If you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

If you find from your consideration of all the evidence that both these propositions have been proved beyond a reasonable doubt, then you should find the defendant guilty.

### INSTRUCTION NO. 17

A person is justified in the use of force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself against such other's imminent use of unlawful force. He is justified in the use of force likely to cause death or serious bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or serious bodily harm to himself.

### INSTRUCTION NO. 18

In order to justify the use of force likely to cause death or serious bodily harm (often called deadly force), it must appear to the Defendant that the danger was so urgent that, in order to save his own life, or to save himself from serious bodily harm, the use of such deadly force was absolutely necessary. And it must further appear that the deceased was the assailant. A bare fear of the commission of the offense, to prevent which the Defendant used a deadly weapon, is not sufficient to justify it; but the circumstances must be sufficient to excite

4

the fears of a reasonable man, and the Defendant must have acted under the influence of such fears alone. It is not necessary, however, to justify the use of a deadly weapon that the danger be actual. It is enough to be an apparent danger; such an appearance as would induce a reasonable person to believe he was in danger of serious bodily harm. Upon such appearance a party may act with safety, nor will he be held accountable though it would afterward appear that the indications upon which he acted were wholly fallacious, and that he was in no actual peril. The rule in such case is this:

"What would a reasonable person--a person of ordinary caution, judgment and observation-- in the position of the Defendant, seeing what he saw, knowing what he knew, suppose from this situation and these surroundings? If such reasonable person so placed would have been justified in believing himself in imminent danger, then the Defendant would be justified in believing himself in such peril and acting upon such appearances." (Emphasis added.)

INSTRUCTION NO. 20

If the defendant voluntarily engaged in a fight with Glenn Howard or in some other manner, by his words or actions provoked the use of force against himself which apparently did not involve the use or [sic] deadly force, but then unexpectedly he is threatened with deadly force, he has a qualified right to protect himself by using deadly force. First, however, the defendant must have used any method which is reasonably available to him to avoid the use of deadly force including a "retreat to the wall." (Emphasis added.)

Appellant complains that the District Court erred in failing to instruct the jury that if they found appellant's use of force justified, they should acquit appellant of mitigated deliberate homicide and negligent homicide. The court did instruct the jury that they must acquit appellant of deliberate homicide if they found his use of force was justified. The effect of this, alleges appellant, is that if the jury found the use of force was justified, they would acquit him of deliberate homicide but convict him of mitigated deliberate homicide or negligent homicide. Appellant, citing United States Ex Rel. Collins v. Blodgett

5

(Mont. D.C. 1981), 513 F.Supp 1056, charges that instructions on self-defense are insufficient where those instructions define when the use of force is justified but do not state that a finding of justifiable force requires acquittal.

The standard of review is that, "[i]f the instructions, viewed as a whole, fully and fairly present the law to the jury, the jury has been properly instructed." State v. McHugh (Mont. 1985), 697 P.2d 466, 471, 42 St.Rep. 371, 376. "The instructions must be viewed as a whole to determine whether the defendant was limited in fairly presenting his theory." State v. Short (Mont. 1985), 702 P.2d 979, 984, 42 St.Rep. 1026, 1031. Moreover, "[t]he effect of a jury instruction is determined by the way in which a reasonable juror could have interpreted it, not by the state court's interpretation of its legal import." State v. Lucero (Mont. 1984), 693 P.2d 511, 516, 41 St.Rep. 2509, 2515.

In reviewing the instructions from this case, we note that instruction no. 11 (quoted above) was an erroneous statement of the law because it "includes the absence of justifiable use of force as an element of the crime of deliberate homicide; . . ." State v. Graves (Mont. 1981), 622 P.2d 203, 210, 38 St.Rep. 9, 16. However, this erroneous instruction is not an issue on appeal because: (1) appellant did not object to it, (2) appellant offered an almost identical instruction, and (3) it benefited appellant's case in any event. See Graves, 622 P.2d at 211.

The instructions did not instruct the jury to acquit appellant of mitigated deliberate homicide and negligent homicide if they found that he acted in self-defense. However, instruction no. 17, supra, stated that under certain circumstances appellant would be justified in his use of force. Instruction no. 18, supra, in essence stated that, in the face of actual or apparent danger of serious bodily harm,

6

a person could use a deadly weapon "with safety" and he would not "be held accountable." That instruction also stated that appellant could be "justified in believing himself in such peril and acting upon such appearances." Finally, instruction no. 20 stated that if the appellant voluntarily engaged in a fight with the victim (which the undisputed evidence showed he did), he would still have a "qualified right to protect himself by using deadly force" if other prerequisites were also met. We hold that these instructions, when viewed as a whole, fully and fairly instructed the jury that self-defense is a complete defense to criminal homicide. The instructions stated that, in the defined circumstances warranting self-defense, the appellant could act with safety, he would not be held accountable, he had a limited right to act, and the force would be justified. We find that a reasonable juror would interpret these instructions to mandate acquittal of the appellant on the charge of mitigated deliberate homicide, if his use of force was justified. Although the instructions are not ideal, we find that the jury was properly instructed and that it was not reversible error to fail to specifically instruct the jury to acquit the appellant upon a finding of justifiable use of force.

Appellant relies on United States Ex Rel. Collins v. Blodgett, supra, in arguing that the instructions on self-defense are insufficient. Defendant Collins appealed to the federal court after this Court, in State v. Collins (1978), 178 Mont. 36, 582 P.2d 1179, upheld his conviction and affirmed the instructions given in his case. In United States Ex Rel. Collins v. Blodgett, supra, the federal court overruled this Court and granted Collins a new trial, ruling that the instructions on self-defense were insufficient. The instructions given in Collins are similar to those given in

7

the instant case in that: (1) they stated that a person was justified in the use of force under certain circumstances, (2) they stated that the jury must acquit defendant of deliberate homicide if his use of force was justified, (3) the instructions did not specifically state that the jury must acquit defendant of mitigated deliberate homicide if his use of force was justified. However, the instructions given in this case are much more complete than, and are therefore distinguishable from, the Collins instructions. Here, the instructions went on to say that if defendant's use of force was justified he could "act with safety" and he would "not be held accountable." The federal Collins case is, therefore, not controlling here.

The second issue is whether the District Court unconstitutionally subjected appellant to double jeopardy by designating him a dangerous offender after the court had already sentenced him in a previous proceeding to eighty years in prison with thirty suspended. As stated above, the District Court sentenced appellant for mitigated deliberate homicide, committing the offense with a weapon, and as a persistent felony offender. The court then remanded the appellant to the custody of the sheriff but, later that same day, caused appellant to return to court. In this later proceeding, the court designated appellant a dangerous offender. No judgment was filed until after the second sentencing hearing and that judgment states that appellant is designated a dangerous offender because appellant has a record of violence, demonstrated by his conviction in 1980 for a felony involving violence, and because this crime shows extreme violence.

The Fifth Amendment of the United States Constitution and Art. II, Sec. 25 of the Montana Constitution protect criminal defendants against double jeopardy; i.e., being

8

twice put in "jeopardy" for the same offense. Appellant asserts his rights were violated by the second sentencing proceeding. We disagree.

The first sentence pronounced by the court, which omitted the dangerous offender designation, was not reduced to writing, signed by the judge, or filed with the court. Thus, that sentence was not a final judgment. "It is well established that an oral ruling by the trial court is not a final judgment, and that the trial court can change such ruling at any time before the entry of written judgment." State v. Diaz (N.M. 1983), 673 P.2d 501, 502. This Court has never explicitly adopted the Diaz rule but we implicitly stated the same rule in Wilkinson v. State (Mont. 1983), 667 P.2d 413, 40 St.Rep. 1239. In Wilkinson we stated:

> "[o]nce a valid sentence is imposed, the court lacks jurisdiction to vacate or modify it unless specifically authorized by statute." (Citations omitted.)
>
> . . . there is no way for the judge to change his decision, after the filing of the judgment. (Emphasis added.)

667 P.2d at 414. The oral sentence first pronounced by the lower court was not a final, valid judgment. Thus, that sentence did not subject appellant to a first "jeopardy." There was no "former" jeopardy under the first oral sentence because it was not final. Therefore, there can be no double jeopardy. Petition of Williams (1965), 145 Mont. 45, 399 P.2d 732.

The practice in the federal courts seems to support our decision. See, United States v. DiFrancesco (1980), 449 U.S. 117, 134, 101 S.Ct. 426, 436, 66 L.Ed.2d 328, 344, where the Court cited:

> . . . the established practice in the federal courts that the sentencing judge may recall the defendant and increase his sentence, at least (and we venture no comment as to this limitation) so long as he has not yet begun to serve that

sentence.    (Emphasis added.)    (Citations omitted.)

We hold the District Court did not err in designating appellant a dangerous offender.    Affirmed.

_____
Justices

We concur:

_____

_____

_____

_____
Justices

_____
Honorable Frank I. Haswell,
Retired Chief Justice, sitting
for Mr. Chief Justice J. A.
Turnage