No. 95-185

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

Plaintiff and Respondent,

v.

WALTER PAUL HOPPE,

Defendant and Appellant.

FILED

JAN 30 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Twenty-First Judicial District,
In and for the County of Ravalli,
The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William F. Hooks, State Appellate Defender,
Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General,
Jennifer Anders, Ass't Attorney General, Helena
Montana

George Corn, Ravalli County Attorney, Hamilton
Montana

Submitted on Briefs: November 21, 1996

Decided: January 30, 1997

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

The Appellant, Walter Hoppe (Hoppe), appeals from the Twenty-First Judicial District Court's revocation of his five-year deferred imposition of sentence for felony assault and six-month deferred imposition of sentence for domestic abuse. We affirm.

The issues before this Court are as follows:

1)   Did the District Court have authority to enforce the terms of Hoppe's deferred imposition of sentence before the written judgment had been filed?

2)   Did the District Court abuse its discretion in denying Hoppe's motion to withdraw his guilty plea?

## BACKGROUND

In November of 1991, the State of Montana (State) moved the District Court, Ravalli County, for leave to file an Information against Hoppe. The Information charged Hoppe with committing the crimes of misdemeanor domestic abuse and felony assault. Hoppe was arraigned in District Court and entered pleas of not guilty to both offenses. In July of 1992, a plea agreement was executed by Hoppe and counsel of record. Hoppe withdrew his pleas of not guilty and entered pleas of guilty.

On July 21, 1992, the District Court conducted a hearing in which it deferred imposition of Hoppe's sentence for three years on the felony assault charge and six months on the domestic abuse charge. The terms of the deferment were to run concurrently on certain conditions, including the condition that Hoppe "not possess or consume any intoxicants." After the hearing, Hoppe was released and placed under the supervision of the Adult Probation and Parole Division of the Department of Institutions. The District Court's written Judgment was not filed with the clerk of court until July 31, 1992.

On July 23, 1992, eight days before the written judgment was filed, Hoppe pled guilty to driving under the influence. The State petitioned to revoke Hoppe's deferred imposition of sentence alleging that his conviction for driving under the influence constituted a violation of his conditions of probation and parole. On August 18, Hoppe appeared with counsel before the District Court for disposition. At the hearing, Hoppe attempted to justify his behavior by explaining that he was merely having his last drinks of alcohol as he was not going to be able to drink for three years (the length of his deferral term). Following the hearing, the District Court found Hoppe guilty of violating the terms of the deferred imposition of sentence and revoked the deferred imposition of sentence. Hoppe was sentenced to a five-year prison term on the felony assault charge and a six-month term on the misdemeanor domestic abuse charge.

In a September of 1992 hearing, Hoppe moved to withdraw his guilty pleas. In support of his request, Hoppe alleged that his

3

attorney told him that his wife would be convicted of perjury if he went to trial. Hoppe alleged that his counsel told him that "if I did not plead guilty to the charges of the state, that my wife would be charged with perjury and that she would go to jail." Hoppe's counsel denied this characterization. Hoppe's counsel stated that he had explained to the Hoppes that since Mrs. Hoppe had previously given a tape-recorded statement, and that if her trial testimony were contrary to the taped statement, there was a possibility the State would elect to charge her with perjury. The District Court orally denied Hoppe's motion.

Two years later, Hoppe filed a petition for post-conviction relief. In January of 1995, the District Court ordered that the petition for post-conviction relief be dismissed on procedural grounds, "as all grounds asserted in the Petition are appealable issues and, thus, Mr. Hoppe may not seek relief on those grounds pursuant to a Petition for Post-Conviction Relief." However, the District Court also granted Hoppe leave to file an amended petition "regarding any ineffective assistance of counsel claims Mr. Hoppe may wish to raise in this matter." After reviewing Hoppe's petition, the District Court concluded that Hoppe had been given effective assistance of counsel. The District Court issued a Second Amended Judgment in December of 1995, declaring Hoppe guilty of violating the terms and conditions of the deferred imposition of sentence and designating Hoppe a non-dangerous offender. Following the disposition of these matters before the District Court, Hoppe filed the instant appeal challenging the District Court's

4

jurisdiction to revoke his deferred imposition of sentence and the District Court's denial of his motion to withdraw his guilty plea.

## STANDARD OF REVIEW

Both issues in this case involve the District Court's interpretation of the law. The standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 898 P.2d 680; Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603-04. This Court reviews a district court's sentencing decision for legality only and will not disturb the decision unless the district court abused its discretion. State v. DeSalvo (1995), 273 Mont. 343, 346, 903 P.2d 202, 204 (citing State v. Blanchard (1995), 270 Mont. 11, 17, 889 P.2d 1180, 1182).

## DISCUSSION

1) Did the District Court have authority to enforce the conditions of Hoppe's deferred imposition of sentence before the written judgment had been filed?

At a July 21, 1992 hearing, the District Court deferred imposition of sentence by explaining:

> No cause appearing why sentence should not be imposed, it is hereby the judgment of this Court that you're guilty of the underlying offenses, to wit: Assault, a felony, and domestic abuse, a misdemeanor.
> It is further the judgment of this Court that the imposition of sentence be deferred for a period of three years on each count. The sentences are to run concurrent to each other on the following conditions:
>
> . . . .

5

> You will not consume any intoxicants. You will not possess any intoxicants. You will not go into any establishment whose principal business is the sale of intoxicants; that includes bars and casinos.

Following the hearing, the court placed Hoppe under the supervision of Adult Probation and Parole and ordered him subject to all of its terms and conditions. Next, Hoppe met with his probation officer and read and signed the Montana rules of probation. The Montana rules of probation signed by Hoppe included the following condition:

> You shall comply with all city, county, state, and federal laws and ordinances and conduct yourself as a good citizen. You shall report any arrests or contacts with law enforcement to your Probation/Parole Officer within 72 hours.

Two days after the hearing, Hoppe was arrested for driving under the influence of alcohol and subsequently pled guilty to that charge. In light of this arrest, the State petitioned to revoke Hoppe's deferred imposition of sentence, alleging that Hoppe violated one of the conditions of deferment by driving under the influence. On the same day the State petitioned to revoke Hoppe's sentence, the District Court signed and filed the written judgment with the clerk of court.

Hoppe contends that the District Court's oral sentence had no final effect. He contends the District Court did not have jurisdiction to enforce the conditions of the deferred imposition of sentence since it had not yet been reduced to writing. In support of this contention, Hoppe cites to State v. Enfinger (1986), 222 Mont. 438, 722 P.2d 1170. In Enfinger, the district court failed to include a dangerous offender designation at the

6

oral sentencing. On the same day it orally sentenced Enfinger, and before filing its written judgment, the district court brought Enfinger back into court for an additional hearing. The court explained that it had failed to state its reasons for imposing the sentences earlier and that it was necessary to do so. Enfinger, 722 P.2d at 1171. Over Enfinger's objections, the district court found Enfinger to be a dangerous offender. In affirming the district court's sentence, the Court held, "'[i]t is well established that an oral ruling by the trial court is not a final judgment, and that the trial court can change such ruling at any time before the entry of written judgment." Enfinger, 722 P.2d at 1174 (quoting State v. Diaz (N.M. 1983), 673 P.2d 501, 502. However, this Court's holding in Enfinger that an oral sentence is not "final" is not dispositive of the issue in this appeal.

In contrast to Enfinger, the present case presents the issue of whether the court has the authority to enforce orally pronounced conditions, rather than whether the district court has the authority to modify a sentence. Here, Hoppe had been fully informed of the conditions of deferment orally "rendered in open court" as required by law. Section 46-18-102, MCA. Hoppe was present during the District Court's oral pronouncement, he met with his probation officer, and read and signed the Montana rules of probation. Hoppe was fully informed of the conditions of his deferment and he violated those conditions. We hold that Hoppe's conditions of deferment were effective upon pronouncement in open court and subject to enforcement from that point on. Accordingly,

7

we affirm the District Court's decision to enforce the conditions of Hoppe's deferred imposition of sentence.

2) Did the District Court abuse its discretion in denying Hoppe's motion to withdraw his guilty plea?

A trial judge's decision not to allow the withdrawal of a guilty plea will be affirmed absent an abuse of discretion. State v. Miller (1991), 248 Mont. 194, 197, 810 P.2d 308, 309. The standard for allowing the withdrawal of a guilty plea is "good cause." Section 46-16-105(2), MCA. A change of plea should be permitted only if it appears that the defendant was ignorant of his rights and the consequences of his act, or was unduly and improperly influenced either by hope or fear in making the plea, or if it appears the plea was entered under some mistake or apprehension. Miller, 810 P.2d at 310. The three factors which are to be considered when determining whether a defendant's guilty plea should be withdrawn include:

> 1. The adequacy of the District Court's interrogation as to the defendant's understanding of the plea;
>
> 2. The promptness of the motion to withdraw the prior plea;
>
> 3. The fact that the defendant's plea was apparently the result of a plea bargain in which the guilty plea was given in exchange for dismissal of another charge.

Miller, 810 P.2d at 309. In the instant case, Hoppe does not maintain that the plea bargain he entered into with the State was coercive. Rather, Hoppe pled guilty believing that if he proceeded to trial, and if his wife testified she would be prosecuted for perjury. Since Hoppe does not contend that the plea bargain he

8

entered into with the State was coercive, we will focus on the adequacy of the District Court's interrogation as to Hoppe's understanding of the plea.

At the hearing to change Hoppe's plea from not guilty to guilty, the District Court inquired of Hoppe as to his understanding of the consequences of his change of plea. The court asked Hoppe whether he understood his rights and understood that a guilty plea was a waiver of those rights. Further, the court established the specific factual basis for Hoppe's plea of guilty. Hoppe explained that he realized he was waiving many of his rights and admitted to having committed the crime. In addition, the court asked Hoppe whether he had been threatened, whether he understood the terms of his plea change, whether his plea was voluntary, and whether he was under the influence of medication. Hoppe explained that his plea was voluntary, and that he had not been influenced in making the plea. Following these questions, the District Court made the following findings:

> I'll find further that he understands the nature of the charges and fully understands the consequences of his guilty pleas; further, that there have been no promises made to him other than the plea bargain agreement; that he understands the sentencing judge is not bound by that agreement; that there have been no threats made against him; that this is a voluntary plea on his part; that he is satisfied with the competence of his counsel; that he is not suffering from any mental or physical disability such as he does not understand the proceedings or such as might induce him to plead guilty; further, I'll make the same finding concerning the medication and that he is not under the influence of any other drugs or alcohol.

It is clear from the record that Hoppe was fully advised as to the consequences of a change of plea and proceeded to change his plea voluntarily.

9

Two months after he was originally sentenced and one month after revocation of his deferred imposition of sentence, Hoppe moved to withdraw his guilty plea. Hoppe contended that he pled guilty to protect his wife and his marriage vows. Now that his wife has left the jurisdiction and he no longer feels compulsion to protect her, he seeks to withdraw his guilty plea. The District Court found that the motion was not timely and that it did not state sufficient reasons to allow withdrawal of the plea. Aside from whether the motion was timely or not, we agree with the District Court's holding that the grounds asserted in the motion do not warrant a withdrawal of the plea. Hoppe's original plea was entered after a thorough and adequate interrogation by the District Court and was not the result of any coercion by the State or his counsel. Accordingly, we affirm the decision of the District Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

10