673 P.2d 501

**STATE of New Mexico, Petitioner,**

v.

**Rudolfo DIAZ, Respondent.**

**No. 15080.**

Supreme Court of New Mexico.

Nov. 10, 1983.

As Amended Nov. 29, 1983.

Paul Bardacke, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for petitioner.

Janet Clow, Chief Public Defender, William P. Slattery, Asst. Appellate Defender, Santa Fe, for respondent.

## OPINION

RIORDAN, Justice.

Defendant Rudolfo Diaz (Diaz), was sentenced to eighteen months after he pled guilty to distribution of marijuana in violation of NMSA 1978, Subsection 30–31–22(A)(1)(a) (Repl.Pamp.1980). On appeal to the Court of Appeals, Diaz alleged that the trial court was precluded from entering a written judgment and sentence because previously, the trial court had orally stated that the sentence would be suspended. The Court of Appeals agreed with Diaz and remanded the case for imposition of the orally imposed sentence. We reverse the Court of Appeals and affirm the trial court.

The issue on certiorari is whether the trial court has the authority to change an *orally* pronounced sentence prior to the entry of a written judgment and sentence.

After entering his plea of guilty, Diaz was committed to the Department of Corrections for a sixty-day diagnostic evaluation. After the evaluation report was received, Diaz appeared before the trial court; and the court *orally* imposed sentence, suspended its imposition, and placed Diaz on probation. Diaz later appeared at the sheriff's office to make arrangements to pay restitution that was imposed by the trial court as a condition of probation. A deputy sheriff stated that Diaz made comments about the trial court and the sentence he received, which were disrespectful to the trial court. The trial court apparently was informed of the alleged comments, and the

trial court scheduled a hearing to reconsider Diaz' judgment and sentence. Although Diaz denied making the comments, it is obvious that the trial court did not believe him. The trial court again imposed sentence which it did not suspend. After the written judgment and sentence was entered reflecting the prison term, Diaz appealed.

It is well established that an oral ruling by the trial court is not a final judgment, and that the trial court can change such ruling at any time before the entry of written judgment. *State v. Morris,* 69 N.M. 89, 364 P.2d 348 (1961); *State v. Crespin,* 90 N.M. 434, 564 P.2d 998 (Ct.App.1977); *State v. Atencio,* 85 N.M. 484, 513 P.2d 1266 (Ct. App.), *cert. denied,* 85 N.M. 483, 513 P.2d 1265 (1973). An oral pronouncement of sentence by a judge in a criminal case is not a *final* judgment. It cannot be appealed from and is subject to change until reduced to writing and filed with the clerk. After reviewing the record, we determine that the trial court had the authority to reconsider this matter at any time prior to the entry of the written judgment.

Diaz also argues that since the trial court had signed an order directing a refund of cash bond posted by him, less the restitution costs, the sentence had been partially carried out and could not be changed. However, the record indicates that the magistrate court reported that Diaz did not post a cash bond, and that the money credited to him actually belonged to another case. In any event, the checks that were issued were voided and the restitution was not paid. Therefore, we further determine that no portion of Diaz' sentence was carried out.

In conclusion, we hold that a trial court has the authority to change an orally pronounced sentence prior to the entry of a written judgment and sentence. The Court of Appeals is reversed. The cause is remanded to the Court of Appeals for consideration of the remaining issues raised on appeal.

IT IS SO ORDERED.

PAYNE, C.J., SOSA, Senior Justice, and FEDERICI and STOWERS, JJ., concur.