This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                                                     **No. 30,329**

**MANUEL MUNOZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant appeals the revocation of his probation, arguing that there was insufficient evidence to support the revocation. We proposed to affirm in a notice of proposed summary disposition. Defendant timely responded to our proposal with a memorandum in opposition, as well as a motion to amend the docketing statement. We have considered his arguments and not being persuaded, we affirm.

In his motion to amend the docketing statement, Defendant seeks to raise as an issue on appeal that the district court's written sentence did not conform to the oral pronouncement of the district court. We deny the motion to amend as the issue is not viable. *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989) (defining a viable issue as an argument that is colorable or arguable), *superseded by rule as stated in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991). Even assuming that the district court said something different at the sentencing hearing than was written, our case law is clear that until a judgment is in writing, it is not a final, enforceable judgment. *See State v. Diaz*, 100 N.M. 524, 525, 673 P.2d 501, 502 (1983) (holding that a court is free to change an orally pronounced sentence until a written judgment is filed).

In our notice, we proposed to hold that the evidence was sufficient to support the revocation of Defendant's probation. Defendant acknowledges the evidence that we set forth in the calendar notice, but points out that he had reasonable explanations

2

for all of that evidence. [MIO 4-5] As we pointed out in our calendar notice, however, this simply presented conflicting evidence, which was for the district court to resolve. *In re Ernesto M. Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. This Court does not reweigh the evidence or make credibility determinations. We view the evidence that was presented to determine whether a reasonable fact finder could determine that Defendant had violated the terms of his probation. *See State v. Martinez*, 108 N.M. 604, 606, 775 P.2d 1321, 1323 (Ct. App. 1989) (stating the standard of review for a probation violation).

For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**TIMOTHY L. GARCIA, Judge**