This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                  **No. 32,305**

**JIMMY KNOTTS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant appeals from the judgment and sentence resulting from his plea agreement with the State. This Court's calendar notice proposed to affirm on grounds that Defendant had effective assistance of counsel; the sentence imposed was not illegal because the plea agreement provided for the maximum allowable sentence for each charge; the plea agreement was entered into knowingly and voluntarily after a lengthy discussion with trial counsel of the consequences of his plea; and the sentence was legal because the trial court's indication that it was merely considering running the sentences concurrently was not a final judgment. *See State v. Diaz*, 100 N.M. 524, 525, 673 P.2d 501, 502 (1983) ("It is well established that an oral ruling by the trial court is not a final judgment[] and that the trial court can change such ruling at any time before the entry of written judgment."). Defendant filed a memorandum in opposition to the proposed disposition and also moved to amend the docketing statement. We are not persuaded by Defendant's arguments. We deny the motion to amend the docketing statement and affirm the judgment and sentence.

Defendant continues to argue, pursuant to *State v. Franklin* and *State v. Boyer*, that trial counsel was ineffective because he told Defendant that his sentences "would" be run concurrently and because he failed to argue Defendant's meritorious pro se motions. [MIO 2-5] *See State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967) (stating that, on appeal, defense counsel has the duty to advance a defendant's

non-meritorious contentions); *see also State v. Boyer*, 103 N.M. 655, 658, 712 P.2d 1, 4 (Ct. App. 1985) (providing that, on appeal, "counsel must play the role of an active advocate, rather than a mere friend of the court assisting in a detached evaluation of appellant's claim"). As noted by appellate counsel, trial counsel stated that he told Defendant that the trial court "might" run the sentences concurrently, and he asked the trial court to do so. [MIO 2] The court orally stated that it intended to run them concurrently, but after hearing the victims speak, he entered a written order running the sentences consecutively. *See State v. Rushing*, 103 N.M. 333, 334, 706 P.2d 875, 876 (Ct. App. 1985) (stating that an oral sentence is not a final judgment and is subject to change until reduced to writing in a final judgment).

Pursuant to *Franklin* and *Boyer*, Defendant moves to amend the docketing statement, requesting specific performance of the plea as Defendant claims he understood the plea to allow for a concurrent sentence or allow withdrawal of the plea on the basis that his sentence was impermissibly increased after it was entered. [MIO 7, 10] However, the plea agreement did not include an agreement as to the sentence to be imposed. [MIO 7] Although the trial court may have orally indicated it was considering a "concurrent" sentence, we have already discussed that an oral ruling is not a sentence until reduced to writing in the final judgment and sentence. Appellate counsel states that a concurrent sentence was never entered by the trial court [MIO 8]

3

and that while the court was considering running them concurrently, after the State's request that the victims be heard, the court entered the sentences consecutively. [Id.] As to Defendant's assertion that his sentence was impermissibly increased [MIO 10], the same argument is asserted, that the court imposed a concurrent sentence, continued the hearing, then entered a consecutive sentence in the final written judgment and sentence.

Defendant was sentenced in accordance with his plea agreement, and the district court had the discretion to order Defendant's sentences to be served consecutively. *See State v. Jensen*, 1998-NMCA-034, ¶¶ 21-22, 124 N.M. 726, 955 P.2d 195 (noting that the trial court's authority to impose consecutive sentences is within its discretion); *see also State v. Duran*, 1998-NMCA-153, ¶ 41, 126 N.M. 60, 966 P.2d 768 ("In imposing a sentence or sentences upon a defendant, the trial [court] is invested with discretion as to the length of the sentence, whether the sentence should be suspended or deferred, or made to run concurrently or consecutively within the guidelines imposed by the Legislature."), *abrogated on other grounds*, *State v. Laguna*, 1999-NMCA-152, 128 N.M. 345, 992 P.2d 896. As discussed in our notice, the trial court did not abuse its discretion because the sentence imposed was within the maximum allowable sentence under the statute and was therefore not an illegal sentence. *See State v. Gardner*, 2003-NMCA-107, ¶ 39, 134 N.M. 294, 76 P.3d 47 ("We review the

4

trial court's sentencing for an abuse of discretion." (internal quotation marks and citation omitted)). Therefore, we deny Defendant's motion to amend the docketing statement. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (denying the defendant's motion to amend the docketing statement when the argument offered in support thereof is not viable).

Defendant asks this Court to indicate that the issue of ineffective assistance of counsel can be raised in a collateral proceeding and that any decision rendered by this Court is not preclusive to any habeas corpus proceedings Defendant may wish to file. [MIO 5-6] Although Defendant failed to establish a prima facie case of ineffective assistance of counsel on direct appeal, he can still pursue the issue through habeas corpus proceedings. *See State v. Gonzales*, 2007-NMSC-059, ¶ 16, 143 N.M. 25, 172 P.3d 162.

Lastly, insofar as Defendant asserted ineffective assistance of counsel because his attorney allowed the police to photograph the evidence and return it to the victims, our notice proposed to conclude that Defendant failed to demonstrate prejudice. *See Duncan v. Kerby*, 115 N.M. 344, 348-49, 851 P.2d 466, 470-71 (1993) (stating that prejudice must be shown before a defendant is entitled to relief based on ineffective assistance of counsel). Defendant's memorandum in opposition did not point out any errors in fact or the law, so we affirm on this issue. *State v. Sisneros*, 98 N.M. 201,

202-03, 647 P.2d 403, 404-05 (1982) ( "The opposing party to summary disposition must come forward and specifically point out errors in fact and in law.").

For the foregoing reasons and those stated in this Court's calendar notice, we affirm Defendant's judgment and sentence.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**M. MONICA ZAMORA, Judge**