This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STAR VARGA,**

Plaintiff-Appellant/Cross-Appellee,

v.                                        **No. 31,268 Consolidated with 31,337 and 31,398**

**MARK FERRELL, GRETCHEN CAMPBELL, DESERT LAKES REALTY, LLC, and DOES 4 THROUGH 20, INCLUSIVE,**

Defendants-Appellees/Cross-Appellants,

**and**

**SUSAN LOWE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Kevin R. Sweazea, District Judge**

Lee Deschamps
Socorro, NM

Susan Lea
Elephant Butte, NM

for Appellant/Cross-Appellee

Law Offices of Stephen E. Hosford, P.C.
Arrey, NM

for Mark Ferrell and Susan Lowe

Sutin, Thayer & Browne
Susan M. Hapka
Albuquerque, NM

for Appellees/Cross-Appellants
Gretchen Campbell and Desert Lakes Realty, LLC

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}    Plaintiff's motion for rehearing is denied.  The memorandum opinion filed on October 2, 2013, has been withdrawn and this memorandum opinion is substituted in its place.

{2}    This case arises from Plaintiff's purchase of a home in Elephant Butte, New Mexico.  Plaintiff discovered construction defects after she took possession and sued the seller Mark Ferrell, the seller's broker Susan Lowe, and her own brokers, Gretchen Campbell and Desert Lake Realty, LLC (collectively, Campbell/DLR).  On Plaintiff's appeal, we affirm summary judgment entered in favor of Campbell/DLR and Lowe.  We reverse the district court's reduction of its award of punitive damages in favor of Plaintiff against Ferrell and remand for recalculation of that damages award.  On Ferrell's cross-appeal, we affirm the district court's measure of damages awarded to Plaintiff to compensate her for Ferrell's misrepresentations.

**BACKGROUND**

{3} In this opinion, we address Plaintiff's appeal and Ferrell's cross-appeal. We address Campbell/DLR's cross-appeal in a formal opinion filed concurrently with this opinion. Because the parties are familiar with this case and because this is a memorandum opinion, we do not provide a summary of the factual and procedural background. We discuss the facts where relevant to the issues addressed in this opinion.

**DISCUSSION**

**I. Plaintiff's Appeal**

{4} Plaintiff makes three primary arguments in her appeal. She maintains that the district court: (1) erroneously granted Campbell/DLR and Lowe summary judgment and should have granted Plaintiff's motion for reconsideration; (2) erred in amending, sua sponte, the punitive damages award in Plaintiff's favor against Ferrell; and (3) erroneously awarded costs to Campbell/DLR. We address each in turn after first considering Campbell/DLR's and Lowe's contention that Plaintiff's notices of appeal were procedurally defective.

**A. Plaintiff's Notices of Appeal Were Not Defective**

{5} Campbell/DLR argue that we should not consider Plaintiff's challenge to summary judgment in their favor because, contrary to Rule 12-202(C) NMRA, she did

not attach the order granting summary judgment to her notice of appeal. Lowe contends that Plaintiff failed to preserve her right to appeal summary judgment in Lowe's favor because she did not file an appeal within thirty days of the first order denying her motion for reconsideration of the summary judgment orders. We are not persuaded by either argument.

**{6}** Defendants' arguments regarding the notice of appeal require us to interpret court rules, which we review de novo. *See Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 7, 145 N.M. 650, 203 P.3d 865. The sequence of events leading to Plaintiff's second amended notice of appeal is as follows. The district court heard Defendants' motions for summary judgment on December 29, 2010, and orally granted all of Campbell/DLR's and Lowe's motions. Before any orders were filed memorializing the district court's ruling, Plaintiff filed a motion for reconsideration on January 4, 2011, and an amended motion for reconsideration on January 5, 2011. On January 10, 2011, the district court entered its orders granting the summary judgment motions mentioned above and its order denying Plaintiff's amended motion for reconsideration.

**{7}** Plaintiff filed a third motion seeking reconsideration of all orders granting Defendants' motions for summary judgment on January 20, 2011. The district court heard this motion on March 23, 2011, and orally denied it. Before an order memorializing this ruling was filed, Plaintiff filed a notice of appeal on April 20,

4

2011, which stated that she was appealing from (1) the district court's order awarding costs to the DLR Defendants, and (2) "any [o]rder or [j]udgment made by the [c]ourt on March 23, 2011[,] denying Plaintiff['s] [m]otion for [r]econsideration of [c]ourt's [o]rders [g]ranting all [m]otions for [s]ummary [j]udgment filed by Defendants [Campbell, DLR, and Lowe]." She attached the first order to the notice of appeal. The district court filed the order denying Plaintiff's third motion for reconsideration on April 27, 2011, and Plaintiff filed an amended notice of appeal on May 3, 2011. In this notice of appeal, Plaintiff identified the orders she was appealing from in terms virtually identical to the terms used in her April 20 notice of appeal, except she stated that the order denying the motion for reconsideration was filed on April 27, 2011. She attached to this notice the district court's April 27 order denying her motion for reconsideration. Plaintiff filed a second amended notice of appeal in July 2011, which identified the same orders plus another order not relevant to this issue.

**2.  Campbell/DLR's Argument**

{8}    Campbell/DLR do not argue that Plaintiff's notice(s) of appeal were untimely filed. Rather, they argue that Plaintiff's notices of appeal did not attach the January 10 order granting Campbell/DLR's motions for summary judgment and that this failure violates Rule 12-202(C). Rule 12-202(C) requires an appellant to attach "[a] copy of the judgment or order appealed from." We disagree with Campbell/DLR's argument because our Supreme Court has established that "an appeal timely filed is

5

not to be dismissed for technical violations of Rule 12-202 that do not affect the substantive rights of the parties." *Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 13, 112 N.M. 226, 814 P.2d 94. The purpose underlying Rule 12-202 is "vindicated if the intent to appeal a specific judgment fairly can be inferred from the notice of appeal and if the appellee is not prejudiced by any mistake." *Govich*, 1991-NMSC-061, ¶ 13.

{9}     In the present case, although Plaintiff did not attach the January 10 order granting Campbell/DLR summary judgment, the order she did attach to her amended notice of appeal, which was the order denying her motion for reconsideration, mentioned the orders granting summary judgment. Indeed, there would have been no reason for a motion for reconsideration if summary judgment had not been granted. *See id* ¶ 14 (inferring intent to appeal from an earlier order when the later order specified in the notice of appeal referred to the earlier order); *Nevarez v. State Armory Bd.*, 1972-NMSC-065, ¶¶ 9, 11, 84 N.M. 262, 502 P.2d 287 (concluding that notice of appeal was sufficient even though it did not mention the summary judgment being appealed because the judgment mentioned in the notice recited the entry of summary judgment). We can fairly infer that Plaintiff intended to appeal the order granting summary judgment to Campbell/DLR.

{10}     Furthermore, Campbell/DLR have not argued that they were prejudiced by Plaintiff's failure to attach the January 10 order to her notices of appeal, and we see nothing in the record suggesting that this failure misled Campbell/DLR in any way.

6

As a result, we will consider the merits of Plaintiff's arguments challenging the district court's order granting summary judgment to Campbell/DLR. *See Govich*, 1991-NMSC-061, ¶ 14 (inferring intent to appeal and noting that the record did not suggest that the appellee was misled by the appellant's failure to specify the judgment appealed from); *Nevarez*, 1972-NMSC-065, ¶ 11 (same).

**3.      Lowe's Argument**

{11}      Lowe argues that Plaintiff had to file a notice of appeal within thirty days from the district court's January 10, 2011, order denying Plaintiff's first motion for reconsideration. We disagree.

{12}      Rule 12-201(D) NMRA provides that "[i]f a party timely files a motion pursuant to . . . Rule 1-059 NMRA, the full time prescribed in this rule for the filing of the notice of appeal shall commence to run and be computed from the entry of an order expressly disposing of the motion." Here, Plaintiff filed her first and second motions for reconsideration before the court had entered the orders granting Lowe summary judgment. "It is well established that an oral ruling by the trial court is not a final judgment, and that the trial court can change such ruling at any time before the entry of written judgment." *State v. Diaz*, 1983-NMSC-090, ¶ 4, 100 N.M. 524, 673 P.2d 501. Thus, the district court's oral ruling in this case on December 29, 2010, was not a final order. When the district court ultimately entered its written orders on January 10, 2011, Plaintiff filed a timely motion for reconsideration of those orders

7

ten days later. *See* Rule 1-059(E) (stating that a motion to alter or amend a judgment "shall be served not later than ten (10) days after entry of the judgment"). Thus, under Rule 12-201(D), the time for Plaintiff to file her notice of appeal did not begin to run until the district court filed its order denying this motion for reconsideration on April 27, 2011. Plaintiff filed her amended notice of appeal on May 3, 2011, and her appeal was therefore timely.

**B.       Summary Judgment in Favor of Campbell/DLR and Lowe Was Proper**

{13}       Campbell/DLR and Lowe argue that the district court properly granted them summary judgment because they submitted undisputed material facts in support of their motions and Plaintiff failed to respond as required by Rule 1-056(D)(2) NMRA. Therefore, they maintain, their undisputed material facts are deemed admitted. Plaintiff responds that (1) she filed a response to the motions that was compliant with Rule 1-056(D)(2) after the district court entered its orders granting summary judgment and that this compliant response should have been considered by the district court; (2) her original response evidenced genuine issues of material fact, especially given Defendants' own failure to comply with Rule 1-056(D)(2); and (3) the court's entry of summary judgment against Plaintiff constituted an improper, extreme sanction for her failure to technically comply with Rule 1-056(D)(2). We are not persuaded by any of Plaintiff's arguments.

{14} We review an order granting summary judgment de novo. *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Id.*

{15} Rule 1-056(D)(2) specifies the contents required of a memorandum in support of a motion for summary judgment and a memorandum in opposition to such a motion:

> The memorandum in support of the motion shall set out a concise statement of all of the material facts as to which the moving party contends no genuine issue exists. The facts shall be numbered and shall refer with particularity to those portions of the record upon which the moving party relies.

> A memorandum in opposition to the motion shall contain a concise statement of the material facts as to which the party contends a genuine issue does exist. Each fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies, and shall state the number of the moving party's fact that is disputed. All material facts set forth in the statement of the moving party shall be deemed admitted unless specifically controverted.

Consistent with this rule, Campbell/DLR and Lowe submitted detailed statements of undisputed material facts in support of their motions, with evidentiary support cited for each stated fact. In response, Plaintiff filed a fifty-page argument that contained no numbered disputed facts, no specific references to Defendants' numbered undisputed material facts, and no references to evidence supporting any of the allegedly factual assertions. Plaintiff filed three affidavits, portions of which were

9

stricken on hearsay grounds, and numerous exhibits, many of which were stricken because they were not sworn or certified.[1] She also filed an additional pleading that purported to contain a memorandum of undisputed facts but which simply stated in numbered paragraphs that it was "incorporat[ing] herein by . . . reference" the various affidavits and exhibits and "the undisputed facts set forth therein."

{16} Plaintiff's responsive pleadings did not comply with the requirements of Rule 1-056(D)(2). However, this did not automatically entitle Campbell/DLR and Lowe to summary judgment. *See Junge v. John D. Morgan Constr. Co.*, 1994-NMCA-106, ¶ 12, 118 N.M. 457, 882 P.2d 48 (explaining that a movant is "not automatically entitled to summary judgment on the basis of an allegedly improper response"). Defendants had the burden "to show an absence of a genuine issue of fact, and that [they were] entitled as a matter of law to judgment in [their] favor." *Brown v. Taylor*, 1995-NMSC-050, ¶ 8, 120 N.M. 302, 901 P.2d 720. We therefore turn to the claims Plaintiff asserted against Campbell/DLR and Lowe and the undisputed facts submitted by these Defendants relevant to those claims.

**1. Fourth Cause of Action: Tortious Violation of Building Codes[2]**

---

[1]Plaintiff refers to many of these stricken affidavit excerpts and exhibits in her brief in chief. We do not consider any of those items that were stricken by the district court.

[2]Plaintiff's first, second, and third causes of action were asserted only against Ferrell, and the district court denied summary judgment to Ferrell on these claims.

{17} In her fourth cause of action, Plaintiff alleged that Defendants implicitly warranted via the purchase agreement that all repairs and improvements to the property had been performed with the proper permits and in accordance with applicable building codes and that Defendants' knowing violation of those codes created "an unreasonable risk of danger to the subject property." In support of her motions for summary judgment, Lowe submitted undisputed material facts, including that Ferrell hired her only as a transaction broker to list the house for sale; that she never made any repairs or hired anyone to make repairs to the property; that she was not aware of any latent problems with the construction of the house or with the roof repairs Ferrell arranged to be performed; and that the purchase agreement stated that Lowe "made no representations . . . as to the condition of the house or as to any code compliance." These factual assertions were supported by the affidavits of Ferrell and Lowe and other exhibits.

{18} In support of their motion for summary judgment on the fourth cause of action, Campbell/DLR submitted undisputed material facts, including that the purchase agreement stated that they "[would] not be investigating the status of permits . . . and/or code compliance" and that Plaintiff acknowledged that she had not "received or relied upon any representation" by Campbell/DLR "with respect to the condition of the [p]roperty" that was not contained in the agreement or in the disclosure statements. They also submitted as undisputed the facts that they had no involvement

11

in the preparation of the disclosure statement and that they did not make any repairs or improvements to the property.  Campbell/DLR supported these statements with affidavits and exhibits.

**{19}**     Because Plaintiff did not properly dispute any of these material facts as required by Rule 1-056(D)(2), they are deemed admitted.  The material facts establish that Campbell/DLR and Lowe had no responsibility to ensure compliance with permit requirements or building codes, and summary judgment on the fourth cause of action was proper.

**2. Fifth and Sixth Causes of Action: Negligent Misrepresentation and Fraud**

{20} In her fifth and sixth causes of action, Plaintiff alleged that Defendants had a duty of full disclosure and that they knew about and either negligently or intentionally failed to disclose that the property was in poor condition, had extensive water damage and other defects, and that they misrepresented that the house had been fully renovated.

{21} In support of their motions for summary judgment on this cause of action, Lowe and Campbell/DLR submitted as undisputed the facts already mentioned above, as well as the facts that Ferrell disclosed to Campbell/DLR and to Plaintiff and/or her mother, Susan Lea, that the roof had leaked and been repaired; that the purchase agreement recommended that Plaintiff hire professionals to inspect the property; that Plaintiff expressly waived a home inspection; and that Campbell/DLR disclosed any adverse material facts of which they had actual knowledge. They submitted evidence in support of these facts.

{22} Again, Plaintiff failed to dispute these facts in accordance with Rule 1-056(D)(2), and they are therefore deemed admitted. Lowe's and Campbell/DLR's undisputed facts establish that they were entitled to summary judgment on the fifth and sixth causes of action.

13

### 3. Seventh Cause of Action: Tortious Waste

{23} In her seventh cause of action, Plaintiff alleged that Ferrell "destroyed and lay waste to the subject property after entering in the purchase agreement with Plaintiff and prior to the completion of the sale" and that the other Defendants had a duty to ensure maintenance of the property in good condition or to notify Plaintiff of Ferrell's actions.

{24} In support of their motions for summary judgment on this claim, Lowe and Campbell/DLR submitted undisputed facts supported by affidavits and exhibits, including that Lowe arranged for the house to be cleaned after Ferrell vacated it on March 17, 2006, a few days before Lea arrived on March 28; that Lowe inspected the house after the cleaning and saw no destruction or vandalism; that Lowe found a note on her office door around March 29 from Lea stating that Ferrell had left a bed and some trash that needed to be removed from the house and Lowe arranged for someone to do that; that Lea faxed a letter to Campbell on March 24 asking her to leave the house open with the keys left on the kitchen counter; that on the morning of March 27, the date of closing on the purchase of the house, Campbell entered the house on the upper level and left the keys in the kitchen as requested by Lea, that the house looked and smelled clean and she did not see any waste or destruction, and that she left the door unlocked as requested by Lea; and that Campbell/DRL had no knowledge of any waste or destruction of the property.

14

**{25}** As with the other claims, Plaintiff failed to dispute any of these alleged facts as required by Rule 1-056(D)(2), and they are therefore deemed admitted. Given the undisputed facts, Lowe and Campbell/DLR were entitled to summary judgment on the seventh cause of action.

**4.    First Supplemental Complaint**

**{26}** Plaintiff filed a supplemental complaint, in which she alleged that Defendants were licensed real estate agents or Realtors and that they were members of REALTOR, a professional organization with a code of ethics for its members. She claimed that Defendants were in legal relationships with each other such as principal/agent, co-conspirators, members of a joint venture, partnership, or corporation, and that they breached duties of ethical conduct that they owed to her.

**{27}** In support of their motions for summary judgment on these claims, Lowe and Campbell/DLR[3] submitted undisputed facts, including that Lowe was not acting as Ferrell's agent under the listing agreement; that Lowe had no agreement of any kind or employment, corporate, partnership, or joint venture relationship with Ferrell or Campbell/DLR concerning the property; and that Campbell/DLR did not breach the standard of care applicable to real estate brokers in the community. Defendants submitted affidavits and exhibits supporting their undisputed facts, including the

---

[3]Ferrell also responded and was granted summary judgment on this claim. However, Plaintiff does not appeal from this ruling, so we do not address it.

affidavit of Bill McCoy III, who was tendered as an expert real estate broker. He attested that Campbell/DLR did not breach the standard of care applicable to brokers in the community. He further attested that the REALTOR code of ethics is a vehicle for sanctioning members of the organization and that the New Mexico Legislature has not adopted that code into the statutory scheme applicable to licensed brokers.

{28} Plaintiff also failed to controvert any of these undisputed facts as required by Rule 1-056(D)(2), and she did not submit the affidavit of any expert witness purporting to establish that Lowe and Campbell/DLR violated the standard of care applicable to brokers in the community. Thus, the undisputed facts are deemed admitted, and Lowe and Campbell/DLR established that they were entitled to summary judgment on the first supplemental complaint.

**5.    Plaintiff's Arguments Challenging Summary Judgment**

{29} As mentioned previously, Plaintiff makes three arguments attacking the summary judgments in favor of Lowe and Campbell/DLR, which we address in turn.

**a.    Plaintiff's Untimely-Filed, Compliant Response**

{30} Twenty days after the district court entered its order granting summary judgment to Lowe and Campbell/DLR, Plaintiff filed another motion for reconsideration, to which she attached her proposed responses to the summary judgment motions in compliance with Rule 1-056(D)(2). In the motion, Plaintiff

16

conceded that in her original responses to the motions for summary judgment, she "did not controvert Defendants' allegations in the precise form and manner required by [R]ule 1-056(D)(2)." The attachment to the motion for reconsideration responded to each of Defendants' numbered undisputed material facts as required by Rule 1-056(D)(2). The district court denied Plaintiff's motion for reconsideration.

{31} It is well settled that a district court may, in its discretion, refuse to consider materials purporting to create issues of fact that are presented after summary judgment has been granted. *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 9, 135 N.M. 423, 89 P.3d 672 (concluding that the district court did not abuse its discretion in refusing to consider materials filed with a motion for reconsideration of summary judgment); *Rivera v. Trujillo*, 1999-NMCA-129, ¶ 19, 128 N.M. 106, 990 P.2d 219 (holding that the district court did not abuse its discretion in declining to consider untimely presented deposition testimony where "[t]he only apparent reason for the untimely filing was counsel's failure to do so"). We conclude that the district court did not abuse its discretion in refusing to consider Plaintiff's eleventh-hour attempt to rectify her improperly crafted initial responses to the motions for summary judgment. Rule 1-056(D)(2) clearly states what is required of a party opposing summary judgment, and Plaintiff simply failed to comply with those requirements. The district court could properly determine that there was no reasonable excuse for her non-compliance.

**b.    Adequacy of Original Responses**

17

**{32}** Plaintiff maintains that her original responses adequately demonstrated the existence of genuine issues of fact, especially given Defendants' failure to comply with Rule 1-056(D)(2). We decline to consider this argument because Plaintiff has failed to specify how Defendants failed to comply with the rule and what facts she claims were controverted by her original responses to the summary judgment motions. We will not search the record to find support for her contentions. *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."). A brief overview of her original responses reveals what is essentially a recitation of allegations and legal argument without reference to supporting evidence. This is contrary to Rule 1-056(D)(2) and does not meet Plaintiff's burden when challenging Lowe's and Campbell/DLR's prima facie showing of entitlement to summary judgment. *See Dow v. Chilili Coop. Ass'n*, 1986-NMSC-084, ¶ 13, 105 N.M. 52, 728 P.2d 462 (explaining that a party opposing summary judgment may not simply argue that evidentiary facts requiring a trial on the merits may exist).

**c.     Summary Judgment as a Sanction**

**{33}** Plaintiff argues that entry of summary judgment on the basis of a non-compliant response constitutes an improper sanction against her. In support, Plaintiff relies on *Lujan v. City of Albuquerque*, 2003-NMCA-104, 134 N.M. 207, 75 P.3d 423. In *Lujan*, this Court reversed summary judgment that was entered solely on the ground

18

that the plaintiffs had not responded to the motions for summary judgment. *Id.* ¶¶ 1, 3-4. The district court simply signed a summary judgment order submitted by the defendants without holding a hearing on the motions for summary judgment. *Id.* ¶¶ 3-4. We analyzed the order as if it were a sanction and concluded that the district court had not justified its imposition of the severe sanction of dismissal. *Id.* ¶¶ 11-13.

{34}     The present case is in no way similar to the circumstances in *Lujan*. Here, Plaintiff filed responses to the summary judgment motions that were admittedly non-compliant with the requirements of Rule 1-056(D)(2). Rather than simply entering summary judgment on that basis, the district court conducted a hearing and allowed Plaintiff to present whatever arguments she wished in opposition to the motions. The district court did not enter the summary judgments solely on the basis of Plaintiff's technical violation of the rule; instead, it determined that Lowe and Campbell/DLR had established undisputed material facts that Plaintiff failed to controvert and, consequently, that Lowe and Campbell/DLR were entitled to summary judgment. This was entirely consistent with *Lujan*, which stated that "[b]efore entry of an order granting summary judgment, the district court must assess whether, on the merits, the moving party satisfied the burden under Rule 1-056(C)." *Lujan*, 2003-NMCA-104, ¶ 18. We affirm the summary judgments entered against Plaintiff.

**C.     Alleged Error in Amendment of Judgment on Punitive Damages**

{35} Plaintiff's claims against Ferrell were tried to the district court and, on March 31, 2011, the court filed its memorandum of decision. In that memorandum, the court concluded that Ferrell misrepresented the extent of the problems with the property and that Plaintiff reasonably relied on his misrepresentations. It concluded that Ferrell had breached the purchase agreement and defrauded Plaintiff. It awarded Plaintiff $50,316.02 in compensatory damages and $80,000 in punitive damages. The district court entered its judgment consistent with the memorandum on April 27, 2011. On May 5, 2011, Ferrell filed a motion seeking alteration or amendment of the judgment, asking the court to file findings and conclusions.

{36} The court heard Ferrell's motion and stated that it intended to file findings and conclusions, whereupon Ferrell's attorney said that his motion was therefore moot. The court then stated that it was reconsidering the award of punitive damages in favor of Plaintiff and against Ferrell in light of the fact that Campbell/DLR's insurance company provided their defense. In the court's view, Ferrell "caused this mess" and should have to pay for anything Plaintiff was going to have to pay Campbell/DLR, including any attorney fees and costs that had come out of Campbell/DLR's pockets. After hearing argument on the issue, the district court stated that it would reduce the punitive damages award of $80,000 to the amount of the costs awarded to Campbell/DLR—$9,062.11—because it was not going to award attorney fees to an

20

insurance company that was contractually obligated to provide a defense to Campbell/DLR.

{37}    Plaintiff appeals this amendment of the punitive damages award on several grounds.  However, we need not consider her arguments because, in the formal opinion filed concurrently with this opinion, we reverse the district court's denial of attorney fees to Campbell/DLR.  The court's reduction of the punitive damages award was expressly tied to its erroneous denial of attorney fees.  Because the basis for the order reducing punitive damages was based on an erroneous ruling, we also reverse this order and remand for the district court to reconsider its award of punitive damages in light of the reasonable award of attorney fees it determines to make.

**D.    Propriety of the Award of Costs to Campbell/DLR**

{38}    Plaintiff seeks reversal of the district court's award of costs to Campbell/DLR because the court erroneously awarded:  (1) expert witness Bill McCoy III's fees because McCoy did not testify and (2) the costs of depositions, from which Campbell/DLR used only "snippets out of context."  We disagree and affirm the award of costs.

{39}    Campbell/DLR submitted McCoy's affidavit in support of their motions for summary judgment to establish that Campbell/DLR did not "breach[] the standard of care of brokers . . . in the community."  McCoy's affidavit attested that he is a licensed real estate broker in New Mexico, that he has served on several real estate related

committees, and that he is one of the authors of the mandatory course that licensees are required to take periodically. After granting Campbell/DLR summary judgment, the district court awarded them their costs, including $3,375 for McCoy's fees.

**{40}** Rule 1-054(D) NMRA governs the award of costs, and we review de novo the district court's interpretation of that rule. *Andrews v. U.S. Steel Corp.*, 2011-NMCA-032, ¶ 32, 149 N.M. 461, 250 P.3d 887. "On the other hand, the necessary and reasonable costs awarded by the district court are reviewed for an abuse of discretion." *Id.*

**{41}** We understand Plaintiff to argue that the district court abused its discretion in awarding McCoy's fee as a cost because McCoy was not qualified as an expert; because he did not testify, as required by NMSA 1978, Section 38-6-4(B) (1983), and *Fernandez v. Espanola Public School District*, 2005-NMSC-026, ¶ 1, 138 N.M. 283, 119 P.3d 163; and because there were no exceptional circumstances warranting an award of McCoy's fees. Plaintiff does not elaborate how McCoy was not qualified as an expert, and she did not challenge his qualifications in the district court. We therefore decline to address that part of her argument. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."); *Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an

22

issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court.").

**{42}** In addition, Rule 1-054(D)(2)(g) was amended after *Fernandez* was decided, and it now permits an award of "expert witness fees for services as [limited] provided by Section 38-6-4(B) . . . *or when the court determines that the expert witness was reasonably necessary to the litigation*." (Emphasis added and alteration in original.) *See also Andrews*, 2011-NMCA-032, ¶ 38 (stating that "testimony given by . . . experts, *whether by affidavit* or by deposition, was material to the award of summary judgment" (emphasis added)). McCoy attested to his opinion on the standard of care via affidavit, and the district court's award of his fees implicitly constituted a finding that his affidavit was reasonably necessary to Campbell/DLR's summary judgment motions. *See Gouveia v. Citicorp Person-to-Person Fin. Ctr., Inc.*, 1984-NMCA-079, ¶ 20, 101 N.M. 572, 686 P.2d 262 (explaining that "[w]ithout an affidavit or other testimony of a qualified expert stating that [the broker] did not breach the standard of care of brokers in the community, no prima facie showing [supporting summary judgment] was made" (internal quotation marks and citation omitted)).

**{43}** Finally, Plaintiff cites no authority for the notion that a defendant seeking to recover an expert witness fee must establish exceptional circumstances justifying the award. We therefore assume that no such authority exists. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329.

**{44}** As for the award of deposition costs, Rule 1-054(D)(2)(e)(i), (ii) expressly provide that the cost of a deposition is recoverable "if any part is used at trial; [or] . . . in successful support . . . of a motion for summary judgment." (alteration in original.) Campbell/DLR used portions of the depositions at issue in support of their motions for summary judgment, so the district court's award of the cost of those depositions was proper.

**E.      Conclusions Regarding Plaintiff's Appeal**

**{45}** In summary, we affirm the district court's summary judgment in favor of Campbell/DLR and Lowe, and we affirm the award of costs in favor of Campbell/DLR. We reverse the district court's reduction of the punitive damages award, which the court will reconsider on remand in conjunction with its award of attorney fees to Campbell/DLR.

**II.      Ferrell's Cross-Appeal**

**{46}** Ferrell argues in his cross-appeal that the district court erroneously awarded Plaintiff the cost of repairs as compensatory damages as opposed to the diminution in the home's value. We are not persuaded.

**{47}** We apply a de novo standard when reviewing a district court's application of the law to the facts, and we review factual determinations for substantial evidence.

24

*Ponder v. State Farm Mut. Auto. Ins. Co.*, 2000-NMSC-033, ¶ 7, 129 N.M. 698, 12 P.3d 960.

{48} The district court awarded Plaintiff $50,000 for the cost of repairing the roof, upper east-side deck, and areas affected by water intrusion, relying on the testimony of a contractor who estimated that, as of September 2005, it would take $50,000 to place the home in livable condition. Ferrell claims that the diminution in the home's value was actually only $18,000, at most, and that this amount should be the measure of damages in accordance with our Supreme Court's decision in *McNeill v. Burlington Resources Oil and Gas Co.*, 2008-NMSC-022, 143 N.M. 740, 182 P.3d 121.

{49} *McNeill*'s holding involves the measure of damages for injury to real property. *Id.* ¶ 26. The present case involves damages for negligent and intentional misrepresentation. Consequently, the measure of damages in this case is governed by Section 552B of the Restatement (Second) of Torts (1977). *See First Interstate Bank v. Foutz*, 1988-NMSC-087, ¶ 8, 107 N.M. 749, 764 P.2d 1307.

{50} Section 552B provides:

> (1) The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause, including
>
> > (a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and

            (b)     pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation.

      (2)     the damages recoverable for a negligent misrepresentation do not include the benefit of the plaintiff's contract with the defendant.

Pursuant to this section, the district court could award Plaintiff the difference between the value of the home before it was repaired and the price Plaintiff paid for it, which is the amount urged by Ferrell; or it could award Plaintiff the loss she experienced as a result of her reliance on Ferrell's misrepresentations about the home's condition. Which measure of damages is employed depends upon which most accurately approximates the amount "necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause." Restatement (Second) of Torts § 552B(1). Here, the district court determined that awarding Plaintiff the estimated out-of-pocket expenses necessary to repair the home was the amount necessary to make her whole. *See First Interstate Bank*, 1988-NMSC-087, ¶ 8 (stating that "damages for negligent misrepresentation are determined by out-of-pocket loss or reliance damages").

{51}     The evidence supports the district court's determination. While a real estate broker testified at trial that the unrepaired home was worth $212,000 and while Plaintiff paid $230,000 for the home, Plaintiff's evidence established that it would be necessary to spend $50,000 to make the home livable. Thus, it makes sense that awarding $50,000 to Plaintiff for her out-of-pocket expenses would more closely

26

approximate the damages she incurred in relying on Ferrell's misrepresentations about the home's condition.

**CONCLUSION**

**{52}** For the foregoing reasons, we affirm summary judgment entered in favor of Campbell/DLR and Lowe. We reverse the district court's reduction of its award of punitive damages in favor of Plaintiff and remand for recalculation of that damages award consistent with this Opinion and the formal Opinion filed concurrently. On Ferrell's cross-appeal, we affirm the district court's measure of damages awarded to Plaintiff to compensate her for Ferrell's misrepresentations.

**{53}** **IT IS SO ORDERED.**

 

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

**MICHAEL D. BUSTAMANTE, Judge**

**J. MILES HANISEE, Judge**