**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: <u>December 28, 2017</u>**

**STATE OF NEW MEXICO**

Plaintiff-Appellant,

v.                                                    **NO. S-1-SC-36786**

**MARIAH FERRY,**

Defendant-Appellee.

**APPEAL OF DISTRICT COURT ORDER**
**Reed S. Sheppard, District Judge**

Raúl Torrez, District Attorney
James W. Grayson, Assistant District Attorney
Albuquerque, NM

for Appellant

Clark, Jones & Pennington, LLC
Thomas M. Clark
Santa Fe, NM, NM

for Appellee

**OPINION**

**CHÁVEZ, Justice.**

{1}  The State filed a Motion for Pretrial Detention in this case involving a charge of first-degree murder, which was denied by the district court judge after an evidentiary hearing.  The State appealed to this Court pursuant to Rule 12-204(C) NMRA and consistent with *State v. Smallwood*, 2007-NMSC-005, ¶ 11, 141 N.M. 178, 152 P.3d 821 (holding that "the legislature intended for [the Supreme Court] to have jurisdiction over interlocutory appeals in situations where a defendant may possibly be sentenced to life imprisonment or death").  On page 3 of its Motion, the State contends that the district court judge, relying on *State v. Brown*, 2014-NMSC-038, 338 P.3d 1276, "apparently determined that the charges themselves—no matter how serious the crime and how dangerous a manner in which it is committed—are never sufficient to detain." The State also contends that the district court judge abused his discretion and asks us to clarify that a district court judge "should neither disregard the nature or circumstances of the crime nor consider the charges to the exclusion of all other factors."

{2}  Discretion is the authority of a district court judge to select among multiple correct outcomes.  Appellate courts analyze a district court judge's discretionary decisions by first, without deferring to the district court judge, deciding whether

proper legal principles were correctly applied. If proper legal principles correctly applied only lead to one correct outcome there is no discretion for the district court judge to exercise. If the district court judge arrives at the only correct outcome, the district court judge is affirmed; otherwise the district court judge is reversed. If proper legal principles correctly applied may lead to multiple correct outcomes, deference is given to the district court judge because if reasonable minds can differ regarding the outcome, the district court judge should be affirmed. In this case the dominating issue is whether the district court judge correctly applied proper legal principles.

{3}     Article II, Section 13 provides that "[b]ail may be denied by a court of record pending trial for a defendant charged with a felony if the prosecuting authority . . . proves by clear and convincing evidence that no release conditions will reasonably protect the safety of any other person or the community." We previously announced that the prosecuting authority—and defense counsel—may offer evidence in many different forms during a detention hearing. The litigants may introduce live testimony and proffer documentary evidence in a form that carries sufficient indicia of reliability, and the Rules of Evidence do not apply. *See* Transcript of Bench Ruling

by New Mexico Supreme Court in *Torrez v. Whitaker*, No. S-1-SC-36379, at 9.[1] The prosecuting authority has the burden of proving by clear and convincing evidence that (1) the defendant poses a future threat to others or the community, and (2) no conditions of release will reasonably protect the safety of another person or the community. *See id.*

{4}     In this case Detective Jodi Gonterman testified concerning her investigation of two separate alleged crimes involving Defendant, Mariah Ferry. The State also tendered, without objection, documentary exhibits which included the criminal complaints in two cases filed against Ferry; a prior court order releasing Defendant on specific supervisory conditions; and a letter from the mother of one of the victims. In the first case Ferry is alleged to have participated in the kidnapping and beating of a victim, and in the present case she is alleged to have participated in the kidnapping, mutilation, and murder of another victim and to have tampered with evidence. The details of the crimes in this case are adequately set forth in paragraphs 2 through 7 of the Order Denying State of New Mexico's Expedited Motion For Pretrial Detention.

---

[1]*available at* www.nmcourts.gov/Court-Decisions-on-Pretrial-Release-and-Detention-Reform.aspx (last visited December 28, 2017)

The district court judge also specified in paragraph 13 of his Order[2] that

> [t]he State argues that no conditions of release can protect the community based on the nature of the charges. While the Court agrees the nature of the charges are disturbing, the New Mexico Supreme Court has explained that the court may not base a pretrial release decision entirely on a single factor—like the seriousness of the current charges—"to the exclusion of all other factors."

(quoting *State v. Brown*, 2014-NMSC-038, ¶ 51, 338 P.3d 1276).

{5}     We understand the State to interpret the district court judge's ruling to mean that the seriousness of the nature and circumstances of the underlying crime can never in and of itself be sufficient to prove a defendant's future dangerousness. We believe this is one reasonable interpretation of paragraph 13. However, another reasonable interpretation, as will be explained in paragraph 8, *infra*, is that the district court judge did consider the seriousness of the underlying nature and circumstances of the crime but was persuaded by other evidence that certain conditions of release could reasonably protect the safety of others and the community. The fact that there are two reasonable interpretations of the district court judge's Order leads us to conclude that a remand is necessary to allow the district court judge to clarify what he intended by

---

[2]The judge's written Order governs in these proceedings. *See* Rule 5-409(G) NMRA (requiring a written order). *See also State v. Diaz*, 1983-NMSC-090, ¶ 4, 100 N.M. 524, 673 P.2d 501 ("It is well established that an oral ruling by the trial court is not a final judgment, and that the trial court can change such ruling at any time before the entry of written judgment.").

4

his written Order.

{6} We also conclude that it is necessary to make clear that the nature and circumstances of a defendant's conduct in the underlying charged offense(s) may be sufficient, despite other evidence, to sustain the State's burden of proving by clear and convincing evidence that the defendant poses a threat to others or the community. If the State meets this initial burden of proof the State must still prove by clear and convincing evidence, under Article II, Section 13, that "no release conditions will reasonably protect the safety of any other person or the community." For example, the State may introduce evidence of a defendant's defiance of restraining orders; dangerous conduct in violation of a court order; intimidation tactics; threatening behavior; stalking of witnesses, victims, or victims' family members; or inability or refusal to abide by conditions of release in other cases. The potential evidence of a person's dangerous inability or refusal to abide by the directives of an authority figure are so variable that it is difficult to catalog all of the circumstances that might satisfy the State's burden of proof.

{7} We emphasize that the litigants and the court must not automatically consider any one factor to be dispositive in pretrial detention hearings. For this reason district court judges are required to file written findings of the individualized facts justifying

the detention of the defendant or the denial of the detention motion. Rule 5-409(H)-(I). Of course the district court judge's decision will be limited by what evidence the litigants present.

{8}     In this case the district court judge verbally announced that he had considered all of the factors he was required to consider, noting that the crimes charged are very gruesome and heinous. The judge also stated that the gruesome nature of the crime could not be the only factor to consider in rendering a detention decision. The judge considered Defendant's age and that she had previously been released with supervision without any violations as evidenced by no one from pretrial services stating otherwise. Finally the judge stated that he considered the Public Safety Assessment provided to the court. Based on the information the judge considered, he continued the previous conditions of release imposed on Defendant weeks earlier by a different district court judge. The conditions included (1) no contact whatsoever with the codefendants, the victims or their family members, presumably directly or indirectly;[3] (2) no possession or use of alcohol or prohibited substances; (3) no possession of firearms, dangerous weapons, knives, or objects that can be considered

---

[3]Whether Defendant was required to report to her supervising officer if her codefendants contacted or attempted to contact her directly or through others is not clear in the Order.

6

deadly weapons; and (4) the requirement that Defendant wear an ankle bracelet at all times while released. At the request of the State, the district court judge announced there would be zero tolerance for any violation of the conditions of release no matter how small the violation. The prosecuting authority did not offer any reasons why the conditions of release were inadequate to reasonably provide for the safety of a person or the community. Had the district court judge been as clear in his written Order, as he was in his oral ruling, the written Order before this court likely would not have been subject to more than one reasonable interpretation. For this reason we encourage judges to carefully reduce to writing all reliable information they have considered when deciding to detain or not to detain a defendant.

{9} However, because of the ambiguity in the written Order we remand to the district court judge to clarify his written Order. If the district court judge interpreted *State v. Brown* as precluding the court from finding that reliable evidence of the nature and circumstances of the crime can never, in and of itself, be sufficient for the State to meet its burden of proving a defendant's future dangerousness, the court misinterpreted *Brown*. We also note that our *Brown* opinion was concerned with money bail. The concern for the danger to the public does not justify setting money bail at any amount because defendants do not forfeit money bail when they commit

new offenses. *See Brown*, 2014-NMSC-038, ¶ 21. But as we have explained, the nature and circumstances of a defendant's conduct in the underlying charged offense(s) may be sufficient, despite other evidence, to sustain the State's burden of proving by clear and convincing evidence that the defendant poses a threat to others or the community. If the court so finds, the court must also be persuaded by clear and convincing evidence that there are no conditions of release that will reasonably protect the safety of others or the community before the court may enter an order for the pretrial detention of a defendant.

{10}    **IT IS SO ORDERED.**


_____
                                    **EDWARD L. CHÁVEZ, Justice**

**WE CONCUR:**


_____
**PETRA JIMENEZ MAES, Justice**


_____
**CHARLES W. DANIELS, Justice**


_____
**BARBARA J. VIGIL, Justice**

**JUDITH K. NAKAMURA, Chief Justice,**
**not participating**