This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41567**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**EZRA H. DUNCAN a/k/a
EZRA DUNCAN,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY
Douglas W. Decker, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** The State appeals the district court's order granting Defendant Ezra H. Duncan's motion to dismiss for violating his right to a speedy trial. We reverse.

**DISCUSSION**

**{2}** To determine whether a speedy trial violation has occurred, we consider the four factors set forth in *Barker v. Wingo*, 407 U.S. 514 (1972): "(1) the length of delay in bringing the case to trial, (2) the reasons for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) the prejudice to the defendant caused by the delay." *State v. Radler*, 2019-NMCA-052, ¶ 7, 448 P.3d 613 (text only) (citation omitted). "We weigh these factors according to the unique circumstances of each case in light of the [s]tate and the defendant's conduct and the harm to the defendant from the delay." *State v. Serros*, 2016-NMSC-008, ¶ 5, 366 P.3d 1121 (internal quotation marks and citation omitted). We defer to the district court's findings, but we review de novo how the district court weighed and balanced the *Barker* factors. *See State v. Collier*, 2013-NMSC-015, ¶ 39, 301 P.3d 370.

**{3}** In this case, we need not review all of the factors because two of them are dispositive: the length of delay and actual prejudice. Our Supreme Court recently reiterated that "[t]o find a speedy trial violation without a showing of actual prejudice, the [appellate c]ourt must find that the three other *Barker* factors weigh heavily against the state." *State v. Gurule*, 2025-NMSC-010, ¶ 55, 563 P.3d 775 (alteration, internal quotation marks, and citation omitted). Here, the district court weighed the first factor slightly for Defendant; it gave "heavier weight" to Defendant for the second factor; it did not assign a weight for the third factor; and, as to the fourth factor, it found that Defendant failed to make a particularized showing of prejudice. Because we see no error in the weight that the district court assigned to the length of delay or in the district court's finding that Defendant did not show particularized prejudice, we reverse. *See id.* We discuss the length of delay and prejudice in turn.

**{4}** The length of delay presents a threshold question and, if that threshold is crossed, the delay becomes a factor that must be weighed along with the others. *State v. Ochoa*, 2017-NMSC-031, ¶ 12, 406 P.3d 505. The length of delay that triggers a speedy trial inquiry depends on the case's complexity: twelve months for a simple case, fifteen months for an intermediate case, and eighteen months for a complex case. *State v. Garza*, 2009-NMSC-038, ¶ 2, 146 N.M. 499, 212 P.3d 387. When weighing delay as a factor, "[a]s the delay lengthens, it weighs increasingly in favor of the accused." *Ochoa*, 2017-NMSC-031, ¶ 14.

**{5}** Here, the delay triggers a speedy trial analysis, but we agree with the district court that the delay weighs only slightly for Defendant. Because neither party challenges the district court's determination that the case was simple, a delay of twelve months triggers the speedy trial analysis. *Garza*, 2009-NMSC-038, ¶ 2. The delay here was about thirteen-and-a-half months: beginning when the State filed a criminal complaint against Defendant in magistrate court on July 21, 2022, and ending when the district court dismissed the case on September 7, 2023. We reject the State's argument that the period of delay ended on July 10, 2023, when the court heard and orally granted Defendant's motion to dismiss. The period of delay does not end until "the date that the charges were dismissed or the date the trial was scheduled to begin." *State v. Lujan*, 2015-NMCA-032, ¶ 13, 345 P.3d 1103. In the present case, the district court had yet to schedule a trial, and the case was not dismissed at the motion hearing on July 10,

2023, because "an oral ruling by the trial court is not a final judgment, and . . . the [district] court can change such ruling at any time before the entry of written judgment." *State v. Diaz*, 1983-NMSC-090, ¶ 4, 100 N.M. 524, 673 P.2d 501. As such, we conclude the case was dismissed when the court's written order was filed on September 7, 2023, and that the period of delay ended on that date. *See Lujan*, 2015-NMCA-032, ¶ 13. However, the delay weighs slightly in favor of Defendant because it exceeded the threshold period for a simple case by a mere month and a half. *See, e.g., State v. Prieto-Lozoya*, 2021-NMCA-019, ¶ 41, 488 P.3d 715 (weighing a delay of six months over the threshold period for a simple case slightly for the defendant); *State v. Wilson*, 2010-NMCA-018, ¶ 29, 147 N.M. 706, 228 P.3d 490 (weighing a delay of five months over the threshold period for a simple case slightly for the defendant).

**{6}** Moving to the fourth factor, the district court considers the prejudice to the defendant caused by the delay, weighing the three interests that the speedy trial right was designed to protect: "preventing oppressive pretrial incarceration, minimizing anxiety and concern of the accused, and limiting the possibility that the defense will be impaired." *Ochoa*, 2017-NMSC-031, ¶ 48. Defendant therefore "must make a particularized showing of prejudice to demonstrate a violation of any of the three interests." *State v. Samora*, 2016-NMSC-031, ¶ 21, 387 P.3d 230.

**{7}** Defense counsel argued to the district court that Defendant was prejudiced because he had to take off work without pay to attend the trial before the magistrate court, and Defendant supported this argument with his testimony. The district court determined that Defendant did not make "a particularized showing of prejudice." On appeal, the State agrees with the district court because the prejudice Defendant experienced was not caused by the delay, but rather "because he had been charged with a crime and his case was set for trial." Defendant counters that the district court "would have been justified in" finding particularized prejudice "had [it] so chosen." This is an unavailing attack on the district court's finding. *See State v. Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318 (recognizing that, under substantial evidence review, we do not ask "whether the court could have reached a different conclusion"); *see also Gurule*, 2025-NMSC-010, ¶ 42 (requiring "deference to the [district] court's discretion in finding that [the d]efendant showed no particularized prejudice").

**{8}** In conclusion, because at least one *Barker* factor, the length of delay, does not weigh heavily for Defendant and because he did not make a particularized showing of prejudice, the district court erred in concluding that his right to a speedy trial was violated. *See Gurule*, 2025-NMSC-010, ¶ 55.

**CONCLUSION**

**{9}** We reverse the order of dismissal and remand for further proceedings.

**{10} IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**KRISTINA BOGARDUS, Judge**